# FOR PUBLICATION

APPELLANT PRO SE:

**RONALD D. GARRARD**

ATTORNEY FOR APPELLEE:

**MICHAEL L. MUENICH**
Griffith, Indiana



FILED

Mar 08 2013, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN THE MATTER OF THE SUPERVISED ESTATE OF EVELYN GARRARD<br><br>RONALD D. GARRARD,<br><br>    Appellant/Plaintiff/Counterclaim and Third-Party Defendant,<br>    vs.<br><br>DEBRA L. TEIBEL and DOUGLAS GRIMMER,<br><br>    Appellees/Defendants/Counterclaim and Third-Party Plaintiffs,<br><br>and<br><br>DEBRA LINDSAY,<br><br>    Appellee/Third-Party Defendant. | No. 45A03-1111-PL-547 |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Elizabeth F. Tavitas, Special Judge
Cause No. 45D03-1008-PL-3, 45D03-1008-ES-2, and 45D03-1008-GU-1

**March 8, 2013**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

<u>STATEMENT OF THE CASE</u>

This is the second appeal stemming from a lawsuit filed by Ronald Garrard ("Garrard") as the attorney-in-fact for Evelyn Garrard ("Evelyn"), now deceased, against Evelyn's children, Debra L. Teibel ("Teibel") and Douglas Grimmer ("Grimmer"), who filed a counterclaim and a third-party complaint against Garrard and his daughter, Debra Lindsay ("Lindsay").[1] The proceeding on the initial lawsuit and counterclaim has gone before multiple trial judges, accompanied by various changes in cause numbers. This case has also been intertwined with a separate guardianship proceeding—which apparently resulted in the appointment of a guardian over Evelyn—and an estate proceeding ("the Estate")—which was filed by Teibel as personal representative for Evelyn following Evelyn's death and against which Garrard filed various claims.

Throughout these proceedings, Garrard, who represented himself, was repeatedly warned by the trial court about using language in his pleadings that impugned the trial court and opposing counsel. Garrard was ultimately held in contempt of court for failing to comply with the trial court's orders.

Teibel and Grimmer filed three separate summary judgment motions—one on Garrard's complaint, one on their counterclaim, and one on Garrard's claims against the Estate. The trial court granted summary judgment in favor of Teibel and Grimmer on all three motions. Garrard now appeals the trial court's grant of summary judgment to Teibel and Grimmer on their counterclaim and on Garrard's claims against the Estate.

We affirm.

---

[1] Lindsay did not file a brief in this appeal. However, pursuant to Indiana Appellate Rule 17(A), a party of record in the trial court shall be a party on appeal.

ISSUE

Whether Garrard has waived appellate review of his arguments.

FACTS

This is the second appeal Garrard has filed in this case. The underlying facts leading up to Garrard's action against Teibel and Grimmer were set forth in Garrard's first appeal as follows:

> Garrard was previously married to Evelyn, but the two were divorced on July 13, 1993. On May 13, 2003, after being diagnosed with mild dementia which was expected to progress, Evelyn executed a durable power of attorney appointing her children Debra T[ei]bel and Douglas Grimmer as her attorneys-in-fact.
>
> By September 2005, Evelyn was formally diagnosed with Pick's disease, a form of frontal temporal dementia. In the spring of 2006, Evelyn became reacquainted with Garrard, and on March 3, 2006, executed a full power of attorney naming Garrard as her attorney-in-fact. That same day, Evelyn also revoked all prior powers of attorney, including the May 2003 document naming T[ei]bel and Grimmer as her attorneys-in-fact. On April 17, 2006, Evelyn remarried Garrard.
>
> On June 15, 2007, Garrard filed a complaint for damages against T[ei]bel and Grimmer alleging that, despite the revocation of their powers of attorney, they had taken unlawful action in various accounts owned by Evelyn. On July 26, 2007, T[ei]bel and Grimmer filed their answer and affirmative defenses. In addition, they filed a counterclaim and third-party complaint against Garrard seeking, *inter alia,* a declaratory judgment invalidating Garrard's power of attorney for Evelyn (Count II), and the appointment of a guardian over Evelyn (Count III). On August 13, 2007, Garrard moved to dismiss the counterclaim and third-party complaint. Following T[ei]bel's and Grimmer's August 21, 2007 filing of an amended counterclaim and third-party complaint, the trial court held a hearing on October 24, 2007.[2] In a January 31, 2008 order, the trial court denied Garrard's motion to dismiss, and it ordered that America L. McAlpin be

---

[2] Judge Diane Kavadias Schneider was appointed special judge in September 2007. She presided over the case until April 2009 when she recused.

3

named guardian ad litem for Evelyn. The trial court additionally issued an injunction prohibiting the disposition of Evelyn's property by any party.

On July 22, 2008, McAlpin filed a petition seeking emergency appointment of a temporary guardian for Evelyn. Following a hearing on December 3, 2008, the Probate Commissioner found Evelyn to be incapacitated and in need of a guardian.

On January 9, 2009, T[ei]bel and Grimmer moved for summary judgment on Counts II and III of their counterclaim.[3] In support of their motion, T[ei]bel and Grimmer designated, *inter alia,* affidavits from Dr. Richard Cristea, M.D., and Dr. Joseph Fink, Ph.D., indicating that Evelyn was incapacitated as of September 2005 and would have been unable to understand the nature and effect of a power of attorney or the nature and obligation of a marriage contract.

Following a hearing, on December 11, 2009, the trial court granted summary judgment in favor of T[ei]bel and Grimmer on Counts II and III of their counterclaim.[4] In granting summary judgment, the trial court found that the undisputed evidence showed Evelyn was incapacitated by September of 2005. Significantly, the trial court refused to consider Garrard's evidence on the grounds that it consisted of unsworn, unauthenticated reports which were not proper designations. The court subsequently denied Garrard's motion to correct error.

*Garrard ex rel. Garrard v. Teibel*, Cause No. 45A04-1003-PL-229, *1-2 (Ind. Ct. App. June 8, 2011), *trans. denied*.

Garrard, pro se, appealed the trial court's order granting summary judgment to Teibel and Grimmer on Counts II and III of their counterclaim. This Court initially dismissed Garrard's appeal due to his failure to file a brief or appendix that complied with the Indiana Appellate Rules, but we later reinstated his appeal. After reviewing the

---

[3] Evelyn died on January 31, 2009. Sometime thereafter, Teibel, as personal representative, opened the Estate for Evelyn. Garrard has not included a copy of the chronological case summary ("CCS") or the underlying pleadings from the Estate case in the record before us.

[4] Judge Calvin Hawkins presided over the summary judgment hearing and issued the summary judgment order.

parties' appellate briefs, we noted that Garrard had failed to demonstrate what designated evidence he had presented that would show a genuine issue of material fact to overcome the grant of summary judgment against him, and we further stated that Garrard's arguments in his brief left us "unable to discern Garrard's basis for appeal." *See id.* at 2. Ultimately, we held that Garrard had waived appellate review of his challenge to the trial court's summary judgment order due to his failure to comply with the Indiana Appellate Rules, and we affirmed the trial court's judgment against Garrard. Thereafter, we granted Teibel and Grimmer's motion to tax costs of the appeal under Appellate Rule 67 but denied their motion for appellate attorney fees.

This current appeal is the result of three separate motions for summary judgment, which were filed by Teibel and Grimmer during the pendency of the appellate proceedings on the prior summary judgment motion. On December 18, 2009, Teibel and Grimmer filed a motion seeking summary judgment on Garrard's claims in his complaint. On January 11, 2010, Teibel and Grimmer filed a motion seeking summary judgment on Counts IV and V in their counterclaim.[5] On February 17, 2010, Teibel and Grimmer filed a summary judgment motion on Garrard's claims against the Estate.[6] Garrard filed

---

[5] In Count IV, Teibel and Grimmer asserted a claim of fraudulent transfer of the marital residence in violation of the Fraudulent Transfer Act, and in Count V, they asserted a claim of fraud and sought treble damages and attorney fees under the Crime Victim Compensation Act.

[6] From the record before us, it appears that Garrard filed the following claims against the Estate: (1) spousal claims, including a surviving spouse allowance and a distribution to the second childless spouse; (2) funeral expenses; and (3) attorney fees for being attorney-in-fact. Again, neither the CCS nor any pleadings from the Estate case have been included in the record on appeal.

responses to these summary judgment motions but has not included a copy of them in his Appellant's Appendix.[7]

The trial court set a combined summary judgment hearing and bench trial for April 29 and 30, 2011. Judge Hawkins commenced the hearing/bench trial but then recused from the case on April 30, 2011.

Thereafter, in July 2010, Judge Elizabeth F. Tavitas accepted jurisdiction of the case. In February 2011, Garrard filed various motions, including the following: (1) motion for change of venue; (2) motion for Judge Tavitas to recuse; (3) motion to dismiss Teibel and Grimmer's counterclaim; and (4) motion to void all prior orders of Judge Hawkins.[8] On February 17, 2011, the trial court denied these orders and "admonished [Garrard] []not to file material in the future which is redundant, immaterial, impertinent or scandalous." (Teibel & Grimmer's App. 7).[9]

On August 16, 2011, the trial court held a hearing on the three pending summary judgment motions. The trial court took the summary judgment motions under advisement and directed the parties to file three proposed summary judgment orders within one week. The trial court also instructed Teibel and Grimmer's counsel to deliver a copy of the proposed summary judgment orders to her court reporter or bailiff in the courtroom so that they would "get to [her] quicker[.]" Supplemental Tr. at 14.

---

[7] Garrard also failed to include a copy of Teibel and Grimmer's summary judgment motions in his Appellant's Appendix. However, Teibel and Grimmer filed an Appellees' Appendix and included copies of their summary judgment motions.

[8] Garrard has not included a copy of these motions in his Appellant's Appendix.

[9] We note that Teibel and Grimmer's Appellees' Appendix contains highlighted portions of the CCS. We are unaware of who highlighted the appendix, but we discourage such a practice.

6

Also during this hearing, the trial court addressed whether Garrard should be held in contempt of court for failing to comply with the trial court's previous order regarding "scandalous" pleadings. The trial court found Garrard in "'direct criminal contempt of Court'" and instructed him not to file any further pleadings that violated the trial court's previous order.[10] (Teibel & Grimmer's App. 6).

Thereafter, the parties filed their proposed summary judgment orders, with Teibel and Grimmer filing theirs on August 23, 2011, and Garrard filing his on August 25, 2011. Based on the content of Garrard's proposed order, Teibel and Grimmer filed a motion to strike Garrard's proposed summary judgment orders.

On September 1, 2011, the trial court held a pretrial hearing. During this hearing, the trial court heard argument on various motions, including Teibel and Grimmer's motion to strike Garrard's proposed summary judgment orders. When Garrard offered excuses of why his proposed orders were filed late, the trial court stated that it was not concerned with the filing time of the orders as it was with the content of the orders. The trial court noted that Garrard's proposed summary judgment orders were in the nature of a brief and contained "scandalous" material. Tr. at 28. As a result, the trial court ruled that Garrard's proposed summary judgment orders would be struck.

At the end of the pretrial hearing, counsel for Teibel and Grimmer expressed his concern to the trial court that the clerk's office had file stamped his proposed summary judgment orders as being filed on August 26th instead of August 23rd, when he brought them to the trial court's staff in open court as instructed by the trial judge. That same

---

[10] Garrard did not include a copy of the trial court's contempt order in his Appellant's Appendix.

7

day, the trial court issued an order, finding that Teibel and Grimmer's proposed summary judgment orders were filed on August 23, 2011.

On September 8, 2011, the trial court entered three separate summary judgment orders, all granting summary judgment to Teibel and Grimmer. Specifically, the trial court: (1) granted summary judgment to Teibel and Grimmer on all claims in Garrard's complaint; (2) granted summary judgment to Teibel and Grimmer on Counts IV and V of their counterclaim; and (3) granted summary judgment to Teibel and Grimmer on Garrard's claims against the Estate. In these summary judgment orders, the trial court indicated that the documents attached to Garrard's summary judgment responses were not supported by affidavit or certification. As a result, the trial court struck these documents from consideration on summary judgment.

On September 12, 2011, the trial court held a bench trial on the issue of damages relating to Garrard's fraudulent transfer. Before proceeding to the bench trial, Teibel and Grimmer requested that the trial court enter final judgment, pursuant to Trial Rule 54(B), on the prior summary judgment orders. Additionally, the trial court heard argument on some of Garrard's various motions, including: (1) his motion objecting to the trial court's September 1st order regarding the time of filing of Teibel and Grimmer's proposed summary judgment orders, in which Garrard accused the trial court of setting forth "falsified and untrue assertions"; and (2) his motion for Judge Tavitas to recuse, in which Garrard accused the trial judge and counsel for Teibel and Grimmer of collusion and ex parte communication in relation to the trial judge's instructions to counsel to deliver copies of the proposed summary judgment orders to her court staff. The trial

8

court allowed Garrard to present evidence and argument regarding his motions. Thereafter, the trial court heard evidence regarding damages on the fraudulent transfer issue and took all matters under advisement.

On September 14, 2011, the trial court entered an order, denying Garrard's recusal motion and granting Teibel's motion for entry of final judgment on the previous summary judgment orders. In relevant part, the trial court entered final judgment on the following summary judgment orders: (1) Judge Hawkins' December 11, 2009 summary judgment order on Counts II and III in Teibel and Grimmer's counterclaim; (2) the December 8, 2011 summary judgment order on Garrard's complaint; (3) the December 8, 2011 summary judgment order on Counts IV and V in Teibel and Grimmer's counterclaim; and (4) the December 8, 2011 summary judgment order on Garrard's claims against the Estate.

Thereafter, on October 13, 2011, Garrard filed a motion to correct error on the trial court's order granting summary judgment against Garrard on his claims against the Estate, and he filed a separate motion to correct error on the trial court's order granting summary judgment on Counts IV and V in Teibel and Grimmer's counterclaim.[11] The trial court denied Garrard's motions to correct error on October 25, 2011.

---

[11] Garrard did not include a copy of either motion to correct error in his Appellant's Appendix. He did, however, attach a file-stamped copy of both motions to his Appellant's Case Summary. Teibel and Grimmer argue that Garrard did not file a motion to correct error from the summary judgment order on their counterclaim. Given the file-stamped copies of the two motions to correct error and the trial court's entry in the CCS indicating that it denied "*Motions* to Correct Error filed by Garrard[,]" we cannot agree. (Teibel & Grimmer's App. 4).

On November 14, 2011, Garrard filed two notices of appeal: one from the trial court's order granting summary judgment against Garrard on his claims against the Estate and the other from the trial court's order granting summary judgment on Counts IV and V in Teibel and Grimmer's counterclaim.[12]

On November 21, 2011, the trial court issued an order from the bench trial on damages. The trial court entered judgment against Garrard for $601,315.44. Garrard did not file a notice of appeal from this order.

<u>DECISION</u>

Garrard, pro se, is appealing from two of the trial court's orders granting summary judgment against him.[13] Summary judgment is appropriate only where the designated evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). A trial court's grant of summary judgment is "'clothed with a presumption of validity,'" and an appellant has the burden of demonstrating that the grant of summary judgment was erroneous. *Williams v. Tharp*, 914 N.E.2d 756, 762 (Ind. 2009) (quoting *Rosi v. Bus. Furniture Corp.*, 615 N.E.2d 431, 434 (Ind. 1993)).

---

[12] The trial court initially entered an order finding that Garrard's notices of appeal were untimely and that the clerk or court reporter did not need to prepare a record or transcript. Shortly thereafter, the trial court vacated that order.

[13] In his Reply Brief, Garrard suggests that he is appealing the monetary judgment entered on November 21, 2011. Because he did not file a notice of appeal from this judgment within thirty days of the trial court's order, he has forfeited his right to appeal that judgment. *See* Ind. Appellate Rule 9(A). *See also Monroe Guar. Ins. Co. v. Magwerks Corp*, 829 N.E.2d 968, 977 (Ind. 2005) ("The law is well settled that grounds for error may only be framed in an appellant's initial brief and if addressed for the first time in the reply brief, they are waived.").
.

10

Garrard's appellate brief and arguments contained therein are not the model of clarity. He appears to argue that: (1) the trial court erred by denying discovery; (2) the trial court erred by granting summary judgment to Teibel and Grimmer; (3) the trial court erred by not allowing him to submit evidence; and (4) the trial court falsified orders and committed fraud upon the court with opposing counsel.

As he did in his pleadings during the trial proceedings, Garrard continues to use a contentious tone in his appellate brief. Furthermore, as with his prior appeal, Garrard has failed to comply with our Appellate Rules. Due to the deficient nature of Garrard's brief, Teibel and Grimmer request that we find that Garrard has waived all issues on appeal. We agree.

Indeed, we have explained that

> one who proceeds pro se is held to the same established rules of procedure that a trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action. While we prefer to decide cases on the merits, *we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors.* The purpose of our appellate rules, Ind. Appellate Rule 46 in particular, is to aid and expedite review and to relieve the appellate court of the burden of searching the record and briefing the case. *We will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood.*

*Ramsey v. Review Bd. of Indiana Dept. of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003) (internal quotation marks and citations omitted) (emphasis added).

Garrard has failed to comply with our Appellate Rules in both his appendix and brief. For example, contrary to Appellate Rule 50(A)(2), Garrard has failed to include a copy of the CCS in his appendix. Furthermore, he did not include a copy of either

parties' summary judgment motions or designated evidence. "[B]oth our appellate rules as well as applicable case law clearly indicate that when appealing the grant or denial of a motion for summary judgment, the moving party must file with the appellate court those materials that were designated to the trial court for purposes of reviewing the motion for summary judgment." *Yoquelet v. Marshall County*, 811 N.E.2d 826, 829–30 (Ind. Ct. App. 2004). *See also Hughes v. King*, 808 N.E.2d 146, 148 (Ind. Ct. App. 2004) (dismissing appeal of grant of summary judgment when appellant failed to include all designated evidence in the appendix). Moreover, Garrard has failed to include copies of some of the trial court's orders that he appears to be arguing were erroneous.

Garrard's brief also fails to comply with multiple Appellate Rules. Appellate Rule 46(A)(5) provides that an appellant's Statement of the Case "shall briefly describe the nature of the case, the course of the proceedings relevant to the issues presented for review, and the disposition of these issues by the trial court[.]" It also requires an appellant to provide page references to the record on appeal or the appellant's appendix. However, Garrard's Statement of the Case is argumentative in nature and does not contain any references to the course of the summary judgment proceedings or disposition of the issues relevant to this appeal.

Furthermore, Appellate Rule 46(A)(6) requires an appellant's brief to have a Statement of Facts section that "shall describe the facts relevant to the issues presented for review . . . ." This rule also requires that the facts be in narrative form and supported by citations to the record on appeal or the appellant's appendix. Garrard's facts, however, are not in a narrative format and do not include relevant citations to his

12

appendix. More troubling is that Garrard's facts section contains argument and unsupported accusations against the trial court judge, such as (1) "Judge Tavitas committed perjury, relevant to the to her [sic] falsified court order of September 1, 2011[;]" (2) the trial court "set forth absolute 'outright lies'" in its final judgment against Garrard; (3) "it appears obvious that Judge Tavitas lied and committed perjury in the process, a sign of unbridled corruption by a sitting judge, validating [Garrard's] assertions that Judge Tavitas is both biased, partial, and prejudiced." Garrard's Br. at 7, 8, 9. Finally, in his facts section, Garrard sets forth allegations, which are derogatory in nature, against this Court in relation to his prior appeal: "This denial of [Garrard's] first appeal appears to set forth the abject bias and prejudice exhibited by the sitting judges of the Court of Appeals, towards pro-se litigants." *Id.* at 5.

Garrard also violates Appellate Rule 46(A)(8) by failing to support his bare assertions of error with cogent argument or relevant citations to the record on appeal or legal authority. A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record. *See Ramsey*, 789 N.E.2d at 490; *see also Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) ("It is well settled that we will not consider an appellant's assertion on appeal when he has not presented cogent argument supported by authority and references to the record as required by the rules.").

Garrard's lack of cogent argument impedes our ability to provide meaningful appellate review of any of his apparent issues. For example, Garrard generally alleges that the trial court erred by granting summary judgment against him but makes absolutely

13

no cogent argument to show how the trial court erred. Moreover, he utterly fails to show that a genuine issue of material fact existed. Additionally, Garrard seems to suggest that the trial court erred by denying discovery and by not allowing him to submit evidence, but he does not specify or point to the record to show what discovery was denied or what evidence he sought to submit.[14] Finally, in relation to Garrard's allegation that the trial court committed fraud by entering an order specifying the date that Teibel and Grimmer's counsel filed their proposed summary judgment orders, Garrard fails to provide any cogent argument showing that the trial court erred in its order. Furthermore, he does not explain how the trial court's order regarding the date that a party's *proposed* summary judgment orders were filed affects the trial court's ultimate decision to grant summary judgment.

Finally, we note that Garrard's argument section is also rife with unsupported accusations and derogatory comments against opposing counsel, the trial judge, and the trial bench as a whole. For example, he accuses the trial court judge and Teibel and Grimmer's attorney of committing fraud upon the court by engaging in "collusion, conspiracy, perjury, and falsification of orders of the court[,]" Garrard's Br. at 23, and he calls the judges in Northwest Indiana "corrupt" and asserts that they are a "pitiful and despicable group[.]" Id. at 45. We warn Garrard that "we do not look favorably upon disparaging and disrespectful language in briefs with regard to this Court or the trial

---

[14] His challenge to the alleged denial of discovery would also be waived because Garrard admits that he already unsuccessfully raised this issue in his prior appeal.

courts of this state." *Small v. Centocor, Inc.*, 731 N.E.2d 22, 31 (Ind. Ct. App. 2000), *trans. denied*.[15]

Here, Garrard's noncompliance with the Appellate Rules—most notably his failure to provide cogent argument—substantially impedes us from reaching the merits of this appeal. Thus, we find that he has waived all issues in this appeal. *See, e.g.*, *Ramsey*, 789 N.E.2d 486 (holding that the appellant's substantial noncompliance with rules of appellate procedure resulted in waiver of his claims on appeal). *See also Thacker*, 797 N.E.2d at 345 (finding that appellant waived summary judgment challenge where his unsupported assertions were "too poorly developed to be understood").

Affirmed.

ROBB, C.J., and MAY, J., concur.

---

[15] Indeed, "[t]he use of impertinent, intemperate, scandalous, or vituperative language in an appellate brief opens it to being stricken by this court." *Hoosier Outdoor Adver. Corp. v. RBL Mgmt., Inc.*, 844 N.E.2d 157, 162 (Ind. Ct. App. 2006), *trans. denied*.