## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 31 2017, 9:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

S.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Commitment of S.C. | January 31, 2017 |
| | Court of Appeals Case No. 49A04-1608-MH-1802 |
| | Appeal from the Marion Superior Court |
| | The Honorable Steven R. Eichholtz, Judge |
| | Trial Court Cause No. 49D08-1606-MH-23181 |

**Pyle, Judge.**

## Statement of the Case

[1] S.C., pro se, appeals her involuntary temporary commitment. However, due to her lack of cogent argument and appellate rule violations, we conclude that she has waived her claim on appeal.

We dismiss.

## Issue

Whether S.C. has waived appellate review of her argument.

## Facts[1]

On June 28, 2016, Eskenazi Hospital filed an application for emergency detention of S.C. The trial court held a hearing on the application and ordered that S.C. be involuntarily committed to Eskenazi Hospital on a temporary basis until October 5, 2016. Subsequently, S.C., pro se, filed a motion to belatedly appeal her commitment, and this Court granted the motion. In our order granting the motion, we ordered S.C. to file an amended notice of appeal that included instructions for the Court Reporter as to which hearings S.C. wished to have transcribed. S.C. filed an amended notice of appeal but did not specify a hearing she wished to have transcribed.

Thereafter, S.C. filed an Appellant's Brief arguing that she was not mentally ill and that the police reports that were the basis for her commitment were false. As a result, S.C. asserted that she should be released from her commitment. However, S.C. did not file an Appellant's Appendix or a copy of the trial court's commitment order. In addition, her brief lacked headings, citations to

[1] The only facts we have concerning S.C.'s commitment proceeding are those we have gleaned from the chronological case summary that was attached to the Clerk's "Notice of Completion of Clerk's Record."

the record, and citations to legal authority. Eskenazi Hospital did not file an Appellee's Brief.

# Decision

On appeal, S.C. argues that she should be released from her involuntary commitment because she is not mentally ill and because the police reports that were the basis for her commitment were false. However, S.C.'s lack of cogent argument and numerous appellate rule violations hinder us from reviewing her claim.[2]

Preliminarily, we must note that we have previously explained that:

> one who proceeds pro se is held to the same established rules of procedure that a trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action. While we prefer to decide cases on the merits, *we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors.* The purpose of our appellate rules, Ind. Appellate Rule 46 in particular, is to aid and expedite review and to relieve the appellate court of the burden of searching the record and briefing the case. We will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood.

---

[2] Furthermore, based on the chronological case summary, it would appear that S.C.'s temporary commitment has expired, rendering any alleged error moot. *See Commitment of J.B.*, 766 N.E.2d 795, 798 (Ind. Ct. App. 2002) ("When a court is unable to render effective relief to a party, the case is deemed moot and usually dismissed.").

*In re Garrard*, 985 N.E.2d 1097, 1103 (Ind. Ct. App. 2013) (quoting *Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003) (internal quotations marks and citations omitted)) (emphasis in original), *reh'g denied*, *trans. denied*.

[7]     In this case, S.C. claims that she should be released from her commitment because the reports that were the basis for her commitment were false. However, she does not provide any citations to the record or to legal authority to support her argument. Because a party waives an issue where the party fails to develop a cogent argument or provide adequate citation to the record or legal authority on appeal, we conclude that S.C. has waived her claim. *See id.*

[8]     Moreover, S.C. has not provided this Court with a sufficient record to review her claim. S.C. did not file an Appellant's Appendix including, as required under Appellate Rule 50(A)(2), the chronological case summary, the appealed judgment or order, or "pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal." App. R. 50(A)(2). In addition, she failed to specify which hearing she wished the court clerk to transcribe, so there is no transcript. Without these documents, we are unable to determine even the basis for the trial court's order committing S.C. We certainly cannot evaluate whether that decision was error. The only facts we have concerning S.C.'s commitment proceeding are those we have gleaned from the chronological case summary that was attached to the Clerk's "Notice of Completion of Clerk's Record."

[9] We recognize that a mental health commitment is a restriction on an individual's liberty that is little different than jail, and we consider it as a challenge to the personal liberty we all hold dear. *See Jackson v. Ind. Adult Protective Services*, 52 N.E.3d 821, 824 (Ind. Ct. App. 2016) (quoting *Civil Commitment of W.S. v. Eskenazi Health, Midtown Cmty. Mental Health Ctr.*, 23 N.E.3d 29, 33 (Ind. Ct. App. 2014), *trans. denied*). However, in order to fairly and effectively consider a challenge to a mental health commitment, we must receive a record that is much more than just a challenge to the credibility of witnesses, a challenge that the trial courts are entitled to resolve on the evidence with which they are presented. *See id.* (stating that "we will not reweigh the evidence or assess witness credibility"). The Court of Appeals cannot and will not serve as a restrained individual's appellate counsel. *See Garrard*, 985 N.E.2d at 1103. Accordingly, we dismiss S.C.'s claim. *See Ramsey*, 789 N.E.2d 486 (holding that the appellant's substantial noncompliance with the rules of appellate procedure resulted in waiver of his claims on appeal).

[10] Dismissed.

Baker, J., and Mathias, J., concur.