## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 13 2018, 8:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Wayde Coleman
Indianapolis, Indiana

ATTORNEY FOR APPELLEES

Grant E. Helms
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Wayde Coleman,

*Appellant,*

v.

Marion County Treasurer and
Marion County Auditor,

*Appellees.*

July 13, 2018

Court of Appeals Case No.
49A05-1711-CT-2733

Appeal from the Marion Circuit
Court

The Honorable Sheryl Lynch,
Judge

The Honorable Mark Jones,
Magistrate

Trial Court Cause No.
49C01-1606-CT-23136

**Pyle, Judge.**

## Statement of the Case

[1]     Wayde Coleman ("Coleman"), pro se, appeals the trial court's order, which granted summary judgment to the Marion County Treasurer ("Treasurer") and

the Marion County Auditor ("Auditor") (collectively, "the County") on Coleman's complaint for damages and denied Coleman's summary judgment motion. Coleman argues, in relevant part, that the trial court erred by granting the County's summary judgment motion. Due to Coleman's lack of argument—let alone cogent argument—showing how the trial court erred by granting the County's summary judgment motion, we conclude that he has waived appellate review of his arguments relating to the trial court's summary judgment order.

We affirm.

## Issue

Whether Coleman has waived appellate review of his arguments.

## Facts[1]

This appeal stems from years of proceedings, in both State and federal court, involving Coleman's property on Nowland Avenue in Marion County ("the Property"), on which he failed to pay property taxes for multiple years. Coleman purchased the Property in 2006 for $20,000. The Property contained a house, and both were considered an "eyesore" in the neighborhood. (Ex. Vol. 1 at 12). Coleman never lived in the house, and he accrued numerous

---

[1] Given our resolution of this case, we will limit our recitation of facts to only those necessary to convey a general understanding of the procedural history that led to this appeal.

public health violations, as well as fines and penalties, based on the untoward condition of the Property.

[4] In early 2010, when Coleman had over $12,000 of unpaid property taxes, the County mailed a statutory notice of tax sale to Coleman at his residence and at the Property to notify him that it was planning to include the Property in an upcoming tax sale. After receiving the notice, Coleman filed a petition for bankruptcy in order to get an automatic stay and prevent the County from including the Property in the tax sale. A few weeks later, the bankruptcy court dismissed the petition due to Coleman's failure to engage in prerequisite credit counseling and his apparent false assertion that he had done so.

[5] Thereafter, on March 15, 2010, the trial court issued a Judgment and Order for Sale ("2010 Order for Sale"), allowing for the County's sale of the Property. The Property was offered for sale in a tax sale, but it did not sell. As a result, the County acquired a lien on and a tax sale certificate for the Property.[2] The County subsequently mailed the statutory post-sale and post-redemption-period notices to Coleman at the Property but not at his residence. These notices sent to the Property were returned to the County. In November 2010, after receiving the County's petition for issuance of a tax deed on the Property, the trial court issued an Order for Issuance of a Tax Deed (2010 Order for Tax Deed). The County, however, waited until March 2014 to take the necessary

---

[2] *See* INDIANA CODE § 6-1.1-24-6.

action to obtain a tax deed for the Property ("2014 Tax Deed"), which gave it ownership of the Property. In the pending years, however, Coleman had obtained some settlement money from two lawsuits and had spent some of that money on renovations of the Property.

In May 2014, Coleman learned that the County had obtained the 2014 Tax Deed to the Property. Later, in May 2015, Coleman filed, in state court, the following motions: (1) Motion for Relief from Judgment, seeking to set aside the 2010 Order for Sale and 2010 Order for Tax Deed; and (2) Motion to Void Tax Sale Judgment, seeking to void the 2014 Tax Deed. These motions were based on the County's failure to provide adequate statutory notices.[3] Subsequently, in April 2016, the trial court issued an order granting Coleman's motions. Thus, Coleman regained ownership of the Property.

Thereafter, Coleman filed a complaint and an amended complaint for damages against the County and a notice of filing a tort claim.[4] In his amended complaint, Coleman stated that he was "seeking damages for the year of 2010 through 2016 for failure to give Notice[,]" and he requested $150,000.00 in damages ($25,000.00 for those six years) and $450,000.00 in punitive damages. (Appellee's App. Vol. 2 at 17). Coleman alleged, among others, the following

---

[3] Coleman also filed a complaint in federal court and another bankruptcy petition. Aside from noting that these proceedings delayed a ruling on Coleman's state court proceeding, we will not go into the details of these actions.

[4] Coleman also filed his complaints against the Assessor's Office, the City of Indianapolis, Mayor Joe Hogsett, and Cindy Land, in her individual capacity as Marion County Deputy Treasurer, but these parties were later dismissed.

claims: (1) unreasonable seizure; (2) intentional infliction of emotional distress; (3) negligence; (4) malicious abuse of process; and (5) misconduct and concealment.[5]

[8] In August 2017, Coleman filed a motion for summary judgment.[6] Coleman listed each of the claims he had raised in his amended complaint against the County, but he did not explain how his designated evidence showed that he was entitled to judgment as a matter of law on these claims. The County filed a cross-motion for summary judgment, seeking judgment in its favor on all of Coleman's claims. The County argued that it was entitled to summary judgment because the undisputed facts negated at least one element of Coleman's claims and because it had affirmative defenses, including immunity under the Tort Claims Act, that barred Coleman's claims.

[9] In November 2017, the trial court held a hearing on the pending motions.[7] At the end of the hearing, Coleman sought additional time after the hearing to submit designated evidence, and the trial court denied Coleman's request. The trial court issued an order, in which it, in relevant part: (1) denied Coleman's

[5] The County filed a counterclaim for set-off against Coleman but later voluntarily moved to dismiss it.

[6] Coleman titled his motion as a joint motion to include a motion for judgment on the pleadings; motion to dismiss the County's counterclaim for lack of subject matter jurisdiction; and a request for a hearing. From the language used in the facts of Coleman's summary judgment motion, it appears that he copied it from a motion he had filed with the federal court.

[7] When Coleman filed his notice of appeal, he affirmatively stated that he did not want a transcript of any hearings; therefore, the record on appeal does not include a transcript of this summary judgment hearing.

summary judgment motion; and (2) granted the County's summary judgment motion. Coleman now appeals.

# Decision

[10]     Coleman, pro se, is appealing the trial court's order granting summary judgment to the County. Summary judgment is appropriate only where the designated evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). A trial court's grant of summary judgment is "'clothed with a presumption of validity,'" and an appellant has the burden of demonstrating that the grant of summary judgment was erroneous. *Williams v. Tharp*, 914 N.E.2d 756, 762 (Ind. 2009) (quoting *Rosi v. Bus. Furniture Corp.*, 615 N.E.2d 431, 434 (Ind. 1993)).

[11]     Initially, we note that Coleman proceeds pro se in this appeal.

> It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. This means that pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. These consequences include waiver for failure to present cogent argument on appeal. While we prefer to decide issues on the merits, where the appellant's noncompliance with appellate rules is so substantial as to impede our consideration of the issues, we may deem the alleged errors waived. We will not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood.

*Basic v. Amouri*, 58 N.E.3d 980, 983-84 (Ind. Ct. App. 2016) (internal quotation marks and citations omitted), *reh'g denied*. *See also Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014) (explaining that a "pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented").

[12] Coleman's brief is not the model of clarity. He boldly, and without further explanation, asserts that this appeal is "a case of first impression." (Coleman's Br. 6). Coleman contends that the trial court erred by: (1) failing to give him clear instructions regarding what to expect at the summary judgment hearing; (2) granting the County's summary judgment motion; and (3) denying him a right to a jury trial when it weighed the evidence and granted summary judgment to the County. Although the issues in Coleman's appeal all stem from the trial court's order granting summary judgment to the County, he makes no argument—let alone cogent argument—explaining how or why the trial court's grant of summary judgment was erroneous or showing that a genuine issue of material fact exists.[8] Instead, he has merely regurgitated his own summary judgment motion, the denial of which he does not challenge, into his Appellant's Brief.

[13] Our appellate courts have waived an appellant's arguments where the appellant's failure to follow our Appellate Rules, especially the requirement to

---

[8] Nor does he further address his assertions of error regarding a lack of instructions about the hearing or the alleged improper weighing of evidence.

provide a cogent argument, impedes our ability to provide meaningful appellate review. *See, e.g.*, *Zavodnik*, 17 N.E.3d at 264 (holding that the pro se appellant's claim was waived because he failed to support it with cogent argument or citation to relevant authority); *Basic*, 58 N.E.3d at 984 (concluding that the appellant's failure to develop a cogent argument and failure to comply with other appellate rules resulted in waiver of all appellate issues); *In re Garrard*, 985 N.E.2d 1097, 1105 (Ind. Ct. App. 2013) (holding that the appellant had waived all appellate issues based on his failure to make a cogent argument and follow appellate rules), *reh'g denied*, *trans. denied*; *Ramsey v. Review Bd. of Indiana Dept. of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003) (explaining that our Court will not address arguments that are "too poorly developed or improperly expressed to be understood" and concluding that a pro se appellant had waived all issues on appeal). *See also* Ind. Appellate Rule 46(A)(8)(a).

[14] Here, Coleman's lack of cogent argument, as well as his failure to follow other Appellate Rules, has impeded our ability to provide meaningful appellate review his arguments. Coleman has failed to comply with our Appellate Rules in both his appendix and brief. Turning first to Coleman's brief, we note that his most serious violation is the violation of Appellate Rule 46(A)(8) by failing to support his bare assertions of error with cogent argument or relevant citations to the record on appeal or legal authority. Again, he provides no argument to support his general assertion that the trial court's grant of summary judgment to the County was erroneous. Additionally, Coleman's Statement of the Case contains some argument, which is contrary to Appellate Rule 46(A)(5). As for

the appellate rule violations in Coleman's Appellant's Appendix, we note that, contrary to Appellate Rule 50(A)(2), Coleman has failed to include a copy of the CCS in his Appendix. Furthermore, he did not include a copy of the County's summary judgment motion, even though it is the grant of this motion that he is attempting to appeal. "[B]oth our appellate rules as well as applicable case law clearly indicate that when appealing the grant or denial of a motion for summary judgment, the moving party must file with the appellate court those materials that were designated to the trial court for purposes of reviewing the motion for summary judgment." *Yoquelet v. Marshall County*, 811 N.E.2d 826, 829-30 (Ind. Ct. App. 2004). *See also Hughes v. King*, 808 N.E.2d 146, 148 (Ind. Ct. App. 2004) (dismissing appeal of the grant of summary judgment when the appellant failed to include all designated evidence in the appendix).[9] Coleman's noncompliance with the Appellate Rules—most notably his failure to provide a cogent argument to support his assertion that the trial court erred by granting summary judgment—substantially impedes us from reaching the merits of this appeal and results in waiver of his appellate issues. *See, e.g.*, *Basic*, 58 N.E.3d at 984; *Garrard*, 985 N.E.2d at 1105; *Ramsey*, 789 N.E.2d at 487. Therefore, we affirm the trial court's judgment.

Affirmed.

Vaidik, C.J., and Barnes, Sr.J., concur.

---

[9] We acknowledge that the County provided a copy of the missing documents in its Appellees' Appendix.