### Ashley N. GALVAN, Appellant–Defendant,

### v.

### STATE of Indiana, Appellee–Plaintiff.

### No. 35A02–0706–CR–495.

Court of Appeals of Indiana.

Dec. 3, 2007.

Dismissal of defendant's appeal was warranted, where the appellate materials provided by defense counsel violated the appellate rules by failing to cite to the record in the statement of facts, failing to provide the facts relevant to the issues on appeal, providing an incomplete statement of the case, failing to provide a copy of the sentencing order, failing to provide a clear and accurate summary of the argument on appeal, and failing to provide cogent reasoning to support the argument advanced on appeal. Rules App.Proc., Rules 46(A)(5-7), (8)(a), (10), 50(C).

———

John G. Clifton, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy At-

---

torney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Ashley N. Galvan pleaded guilty to Possession of Cocaine,[1] a class D felony, and Operating a Vehicle While Intoxicated (OWI),[2] a class A misdemeanor. The trial court sentenced her to one and a half years for possession of cocaine, with all but ninety days suspended to probation. With respect to the OWI offense, the trial court imposed a concurrent sentence of one year, with all but six days suspended. On appeal, Galvan challenges her sentence as inappropriate.[3]

We dismiss.

On August 18, 2006, the State charged eighteen-year-old Galvan with possession of cocaine, a class D felony, operating a vehicle with a controlled substance, a class C misdemeanor, OWI, a class A misdemeanor, and possession of paraphernalia, a class A misdemeanor. Galvan subsequently entered into a plea agreement with the State on October 24, 2006. Pursuant to the agreement, Galvan pleaded guilty to the possession of cocaine and OWI charges. In exchange, the remaining counts were dismissed and the State agreed that the sentences should run concurrently, with a cap of ninety days on the executed portion of Galvan's sentence.

Galvan set forth the following factual basis in her plea agreement with the State:

On August 17, 2006, officers were dispatched to U.S. 24 because I was driving my vehicle eastbound in the westbound lane. By the time officers found me I was traveling the proper direction on U.S. 24. However, a police officer observed me weaving within my lane of travel and veering off the right side of the road. A police officer stopped me, approached my vehicle and asked for my driver's license. While the officer was speaking to me he noticed that my movements were slow and that I appeared to be disoriented. Also he observed my eyes were glassy and that my speech was slurred. The officer looked into my vehicle from my window and noticed that there was a green leafy substance in the center console of my vehicle and also white powder on the backseat floorboard. The officer asked me to exit my vehicle and I had to lean against my car to help keep my balance. My hands and legs were shaking. The officer asked if I was okay and I told him that I had taken twelve (12) Dramamine pills and smoked marijuana.

A police officer offered me some field sobriety tests and I agreed to perform them. I understand that I failed all of these tests. Officers asked me to submit to a chemical test and I agreed to do so. The officers then inventoried my vehicle.... In doing so they tested the white powdery substance in my vehicle

---

1. Ind.Code Ann. § 35–48–4–6(a) (West, PREMISE through 2007 Public Laws approved and effective through April 8, 2007).

2. Ind.Code Ann. § 9–30–5–2(b) (West 2004).

3. We observe that Galvan never sets out in her appellate brief the precise sentence she received for either conviction. She states only: "On March 13, 2007, the Court sentenced Ashley N. Galvan to ninety (90) days executed to six (6) days on Count 3. Both sentences to run concurrent." *Appellant's Brief* at 2. Near the conclusion of her argument, Galvan asserts that her character "should be looked at to reduce down her sentence from the advisory sentence." *Id.* at 10–11. As she received the advisory sentence for her conviction of possession of cocaine, we presume her appeal is directed only to that sentence.

and it tested positive for cocaine. I submitted to a chemical test at Parkview Huntington Hospital and the result indicated I had marijuana in my body.

I admit that at the time I was operating my vehicle I did so in a manner that endangered myself or other persons by traveling the wrong direction on U.S. 24 in Huntington County, Indiana. I further admit that I possessed cocaine in my vehicle. All of these events occurred in Huntington County, Indiana.

*Appendix* at 24–25. The trial court took the guilty plea under advisement.

Galvan's sentencing was continued on a number of occasions in order to allow her to prove she could remain free of drugs and stay in school. In fact, trial counsel indicated that the court had given his client "every opportunity to succeed" and stay out of jail. *Transcript* at 32. After Galvan dropped out of high school, however, the trial court proceeded with sentencing. At the sentencing hearing on March 13, 2007, the court accepted the guilty plea and sentenced Galvan as set forth above. In the plea agreement, Galvan expressly waived her right to appeal her sentence.[4] Despite this provision of the plea agreement (the existence of which Galvan never acknowledges in her argument to this court), Galvan appeals her sentence as inappropriate.

Due to flagrant violations of the appellate rules, we dismiss Galvan's appeal. We have warned Galvan's attorney, John G. Clifton, on at least three occasions regarding his inadequate appellate advocacy.

*See e.g., C.L.M. v. State,* 874 N.E.2d 386 (Ind.Ct.App.2007); *Anderson v. State,* No. 02A03–0703–CR–91, 873 N.E.2d 203 (September 5, 2007), *trans. denied; Walters v. State,* No. 02A03–0611–CR–545, 868 N.E.2d 72 (May 30, 2007). Clifton, however, has inexplicably chosen to ignore our advice.[5] Therefore, we once again are compelled to address the glaring deficiencies in the appellate materials Clifton has submitted in the instant appeal.

Of particular note, we find the statement of facts wholly inadequate. As Clifton has been reminded several times, Indiana Appellate Rule 46(A)(6) requires the statement of facts section to describe in narrative form "the facts relevant to the issues presented for review" supported by citations to the record. In addition to providing no citations to the record, Clifton makes no attempt to provide us with the facts relevant to the issue presented for review. Rather, he merely offers a recitation of the charges filed against his client. This constitutes a flagrant violation of the appellate rules and is unacceptable appellate practice. *See Ramsey v. Review Bd. of Indiana Dep't of Workforce Dev.,* 789 N.E.2d 486 (Ind.Ct.App.2003) (appellant's brief must be prepared so that the court, considering the brief alone and independently from the record, can intelligently consider each question presented).

The statement of the case is also incomplete and of little assistance to us in this appeal. Clifton provides no citations to the record and, as set forth above, does not even provide us with a correct statement of the sentence received by Galvan.

*Appendix* at 25–26.

---

4. Paragraph 18 of the agreement provides:
   I understand that I have a right to appeal my sentence if there is an open plea. An open plea is an agreement which leaves my sentence to the Judge's discretion. I hereby waive my right to appeal my sentence so long as the Judge sentences me within the terms of my plea agreement.

5. Upon further investigation, we have discovered other briefs and appendices recently filed in our court (one as recently as October 5, 2007) in which Clifton has continued to violate the appellate rules.

*See* App. R. 46(A)(5) (statement of case "shall briefly describe the nature of the case, the course of the proceedings relevant to the issues presented for review, and the disposition of these issues" and shall be supported by page references to the record). Moreover, the brief does not include a copy of the sentencing order, as required by App. R. 46(A)(10).

Further, the summary of the argument section, though titled as such, cannot be considered a summary of Galvan's appellate arguments. In this regard, the appellate rules provide: "The summary should contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. It should not be a mere repetition of the argument headings." App. R. 46(A)(7). Disregarding the rule, Clifton has simply cut and pasted into this section his previous statement of the issue, which also constitutes the argument heading in the brief. In sum, Clifton's summary is: "I. Inappropriateness of sentence." *Appellant's Brief* at 5. Even a non-lawyer would recognize this "summary" as unacceptable.

The paltry table of contents provided in the appendix has further hampered our review. Pursuant to App. R. 50(C), "[t]he table of contents shall specifically identify each item contained in the Appendix, including the item's date." This is yet another appellate rule Clifton has entirely disregarded.[6]

Finally, we observe that the argument advanced by Clifton in support of Galvan's appeal is inadequate and not supported by cogent reasoning as required by App. R. 46(A)(8)(a). We have recently observed: " 'A brief is not to be a document thrown together without either organized thought or intelligent editing on the part of the brief-writer. Inadequate briefing is not, as any thoughtful lawyer knows, helpful to either a lawyer's client or to the Court.' " *Keeney v. State,* 873 N.E.2d 187, 189–90 (Ind.Ct.App.2007) (quoting *Frith v. State,* 263 Ind. 100, 325 N.E.2d 186, 189 (1975)). While Clifton has cited and summarized/quoted from a plethora of sentencing cases, he does not take the time to apply any of them to the specific case at hand and the relevance of many of the cases is frankly puzzling. In sum, the argument presented by Clifton offers no assistance to us in addressing Galvan's appeal.

In light of the numerous and flagrant violations of our appellate rules, we must dismiss Galvan's appeal.[7] *See Smith v. State,* 610 N.E.2d 265, 267 n. 2 (Ind.Ct.App.1993) ("this court may dismiss appeals when parties commit flagrant violations of the rules of appellate procedure"), *aff'd in relevant part,* 621 N.E.2d 325 (Ind.1993); *see also Ramsey v. Review Bd. of Indiana Dep't of Workforce Dev.,* 789 N.E.2d at 490 ("because Ramsey's noncompliance with the appellate rules substantially impedes us from reaching the merits of this appeal, we are compelled to find the issues raised are waived"). Moreover, due to Clifton's

---

**6.** Clifton has provided the following table of contents for the appendix:

THE CLERKS [sic] RECORD, INCLUDING
THE CHRONOLOGICAL CASE SUMMARY .... 1

THE PORTION OF THE TRANSCRIPT THAT
CONTAINS THE RATIONALE OF DECISION
AND ANY COLLOQUY RELATED
THERETO ................................. 49

CHARGING DOCUMENTS .................. 46

VERIFICATION OF ACCURACY ............. 56

**7.** Even if we were to reach the merits of the appeal, Galvan would lose because, in the plea agreement, she expressly waived her right to appeal her sentence. *See Perez v. State,* 866 N.E.2d 817 (Ind.Ct.App.2007) (in a plea agreement, a defendant may waive his or her right to a direct appeal of his sentence), *trans. denied.*

flagrant and repeated violations of the appellate rules, we conclude that Clifton is not entitled to a fee for his appellate services in this case, and we direct him to return to the payor any fee he may have already received. *See Keeney v. State,* 873 N.E.2d 187. Finally, we caution Clifton that future violations such as this may result in additional consequences, such as referral to the Supreme Court Disciplinary Commission for investigation, as Indiana Professional Conduct Rule 1.1 requires attorneys to represent their clients competently. *See id.*

Dismissed.

SHARPNACK, J., concurs.

RILEY, J., concurs in result.