**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 18 2013, 5:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOEL M. SCHUMM**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**HENRY A. FLORES, JR.**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SANDERS JOHNSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1211-CR-904 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
Cause No. 49G06-1107-MR-48155

**September 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Sanders Johnson was convicted of murder[1] and of being an habitual offender.[2] On appeal, he argues the deputy prosecutor committed misconduct during the rebuttal portion of closing argument by saying he did not call two witnesses to testify because "[a]s a lawyer I can't support perjury." (A/V Rec. No. 1, 10/3/12, 10:39.50 – 10:40:45.)[3] As any potential damage from that improper statement was cured by the trial court's admonition, we affirm.

## FACTS[4] AND PROCEDURAL HISTORY

In July 2011, Johnson was in a crowd of about thirty people outside an apartment in Indianapolis when two women began fighting. The fight escalated when a man attacked one of the women, and then Dewight Moore in turn attacked him. At that point, a sister of one of the women involved in the fight took a gun from her purse, handed it to Johnson, and told Johnson to shoot Moore. Johnson shot toward the doorway where Moore was standing, and the shot killed Moore.

---

[1] Ind. Code § 35-42-1-1.

[2] Ind. Code § 35-50-2-8.

[3] The record on appeal in this case was prepared pursuant to the Indiana Supreme Court's "Order Establishing the Indiana Court Reporting Pilot Project for Exploring the Use of an Audio/Visual Record on Appeal[,]" issued on September 18, 2012, and effective on July 1, 2012. *See* Ind. Supreme Court Cause No. 94S00-1209-MS-522. Therefore, the citations to the transcript will be to the "AV Recording." We appreciate the cooperation of the Honorable Mark D. Stoner of Marion Superior Court, the Marion County Public Defender Agency, and the Office of the Indiana Attorney General in the execution of this pilot project.

[4] The Statement of Facts the State provides in its brief recounts at length and in detail the incident that led to the shooting and Johnson's involvement in it, but it is devoid of any facts relevant to the only issue Johnson presents on appeal, *i.e.*, the effect of the deputy prosecutor's statement that he did not call two witnesses because he could not support perjury. We remind the State that our rules require a statement of facts section to describe in narrative form "the facts *relevant to the issues presented for review*" supported by citations to the record. Ind. Appellate Rule 46(A)(6) (emphasis added); *Galvan v. State*, 877 N.E.2d 213, 215 (Ind. Ct. App. 2007).

The State charged Johnson with murder and alleged he was an habitual offender. He was tried to a jury. In closing argument, Johnson's counsel noted the only witnesses the State called were members of the victim's family; therefore, the jury had heard only one side of the story. During its rebuttal to Johnson's closing argument, the prosecutor noted the State had not called two members of Johnson's family as witnesses, saying: "I didn't call Rasheena and Chris.[5] As a lawyer, I can't support perjury." (A/V Rec. No.1, 10/3/12; 10:39:50 -- 10:39:55) (footnote added).

Johnson objected on the ground it was improper for the prosecutor to suggest those witnesses would have lied under oath. The objection was sustained, and at Johnson's request the trial court admonished the jury not to consider the prosecutor's comment.

The court instructed the jury on reckless homicide as a lesser included offense of the murder charge, for which the jury was also instructed. The jury found Johnson guilty of murder, and the court then found Johnson was an habitual offender.

## DISCUSSION AND DECISION

Johnson argues the prosecutor committed misconduct[6] when he told the jury the prosecution did not call two witnesses because "[a]s a lawyer I can't support perjury." (A/V Rec. No.1, 10/3/12; 10:39:50 -- 10:39:55.)

---

[5] "Chris" is Truville Christian, Sanders' step-son. Rasheena is Christian's sister and Sanders' step-daughter.

[6] The State argues we should not hear Johnson's claim there was prosecutorial misconduct because even though Johnson immediately objected and asked the court to admonish the jury, he did not also move for a mistrial. As the prosecutor's challenged statement was offered in rebuttal to Johnson's closing argument and the jury was adequately admonished to disregard it, we need not address that argument.

3

In reviewing a claim of prosecutorial misconduct, we determine whether the prosecutor engaged in misconduct, and if so, whether the misconduct, under all of the circumstances, placed the defendant in a position of grave peril to which he should not have been subjected. *Cooper v. State*, 854 N.E.2d 831, 835 (Ind. 2006). Whether a prosecutor's argument amounts to misconduct is measured by reference to case law and the Rules of Professional Conduct. *Id.* The gravity of peril is measured by the probable persuasive effect of the misconduct on the jury's decision rather than the degree of impropriety of the conduct. *Id.*

We agree with the trial court that the prosecutor's statement was objectionable and properly stricken. Professional Conduct Rule 3.4(e) provides a lawyer shall not, at trial, state a personal opinion as to the credibility of a witness. The State does not address, or even acknowledge that Rule. It asserts the prosecution "made no representation to the jury of what the testimony of those individuals would have been." (Br. of Appellee at 7.) That is true, but the prosecutor was explicit in his opinion that the testimony those witnesses might offer would be untruthful. The trial court properly sustained Johnson's objection to the statement.

However, we need not reverse on that ground because the objectionable statement was offered in rebuttal to Johnson's own argument that the State had called as witnesses only members of the victim's family, leaving the jury with only one side of the story.

In *Fox v. State*, 520 N.E.2d 429, 431 (Ind. 1988), Fox argued there was prosecutorial misconduct when, on rebuttal, the State referred to two non-testifying witnesses. Fox contends the jury was left with a clear understanding the witnesses were not called because

4

their testimony would only buttress the already damaging testimony of other witnesses against him. In his closing argument, Fox's counsel referred to those witnesses and suggested the State did not ask the witnesses to testify for a specific reason. The prosecutor, in response to Fox's argument, attempted to explain why these witnesses were not called. Fox's counsel objected to the prosecutor's reference to the witnesses, and the court admonished the prosecutor not to pursue the issue. When the prosecutor continued his earlier reference, defense counsel made no objection. Our Supreme Court found no error meriting reversal.

In the case before us, the improper reference to non-testifying witnesses was also made in rebuttal, after Johnson's counsel had pointed out to the jury in closing argument that the jury had heard only from the victim's family and had thus heard only one side of the story.[7]

Furthermore, the jury was admonished to disregard the objectionable statement, and it was instructed that statements in closing argument are not evidence. It is ordinarily assumed that a jury will obey a trial court's admonition that objectionable testimony is improper and should be disregarded, and a prompt admonition is thus normally sufficient to protect the defendant's rights. *Downs v. State*, 267 Ind. 342, 345, 369 N.E.2d 1079, 1080 (1977), *cert. denied sub nom. Downs v. Indiana*, 439 U.S. 849 (1978).

Downs was separated from his wife, and during an argument he shot his wife and his sister. At trial, a deputy prosecutor testified as to statements Downs made to a group that

---

[7] Johnson offers no explanation on appeal why the defense did not call those witnesses.

5

included police officers, the mayor and assistant police chief of New Albany, and the deputy prosecutor. The deputy prosecutor was asked, based upon his experience in criminal law, what he considered the purpose of Downs' account to be. He answered, "To instigate a defense of self-defense." *Id.*; 369 N.E.2d at 1080. Defense counsel objected, and moved to strike this answer. The trial court struck the statement and admonished the jury to disregard it.

Our Supreme Court determined the prejudicial impact of the statement was not so "great as to require a remedy as serious as a mistrial, considering the admonitions given by the court and the striking of the testimony from the record." *Id.* at 345-46, 369 N.E.2d at 1080. Nor was the prejudicial impact of the prosecutor's improper statement in the case before us so great it could not be cured by the trial court's admonition.

We accordingly affirm the trial court.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.