**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 20 2014, 6:55 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**STEPHEN GERALD GRAY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTONIO HUGHLEY, $3,861.00 in U.S. CURRENCY and ONE (1) BUICK, VIN# 4V37J7E133835, | ) ) ) ) | |
| Appellants-Defendants, | ) ) | |
| vs. | ) ) | No. 49A04-1307-MI-352 |
| STATE OF INDIANA, THE CONSOLIDATED CITY OF INDIANAPOLIS/MARION COUNTY and THE INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, | ) ) ) ) ) ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David Shaheed, Judge
The Honorable Shatrese Flowers, Commissioner
Cause No. 49D01-1110-MI-38687

**February 20, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Antonio Hughley appeals a summary judgment for the State of Indiana, the City of Indianapolis, and the Indianapolis Metropolitan Police Department (collectively, "the State"). As Hughley's affidavit did not give rise to a genuine issue of material fact, we affirm.

## FACTS AND PROCEDURAL HISTORY

On August 2, 2011, police were looking for a suspect who had been seen near a house at 30th and Gladstone, where a red car was parked. The red car was registered to Hughley, who told the police he lived in the house. He consented to a search of the house for the suspect. In Hughley's house, police found cocaine in plain view. They then obtained a search warrant and found marijuana, more cocaine, and scales with cocaine residue. Hughley had $3,871.00 in his pocket.

Hughley was arrested for dealing in cocaine and the State filed a complaint for forfeiture, seeking forfeiture of the car and the cash. The State moved for summary judgment, and Hughley responded with an answer and affidavit[1] in which he denied the State's allegations and said the cash was not the proceeds of criminal activity and was not intended to be used to violate any criminal statute. The trial court granted the State's motion

---

[1] The State acknowledges in its brief that the sole issue on appeal is "[w]hether Hughley's affidavit creates a genuine issue of material fact." (Br. of Appellee State of Indiana at 1.) But nowhere in its Statement of the Case or Statement of Facts does the State indicate what information Hughley's affidavit contained; the State does not even acknowledge Hughley ever submitted an affidavit.

We remind the State that our rules require a Statement of Facts that describes in narrative form "the facts *relevant to the issues presented for review*" supported by citations to the record. Ind. Appellate Rule 46(A)(6) (emphasis added); *Galvan v. State*, 877 N.E.2d 213, 215 (Ind. Ct. App. 2007).

as to the cash but denied it as to the car.[2]

## DISCUSSION AND DECISION

When reviewing a summary judgment, our standard of review is the same as that of the trial court. *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269 (Ind. 2009). Considering only those facts the parties designated to the trial court, we must determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to a judgment as a matter of law. *Id.* at 1269-70. In answering these questions, we construe all factual inferences in the non-moving party's favor and resolve all doubts as to the existence of a material issue against the moving party. *Id.* at 1270. The moving party bears the burden of making a *prima facie* showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Once the movant satisfies the burden, the burden shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact. *Id.*

If there is any doubt as to the existence of a factual issue, the motion should be resolved in favor of the non-movant. *Woodward Ins., Inc. v. White*, 437 N.E.2d 59, 62 (Ind. 1982). In ascertaining the existence of any doubt, the contents of all pleadings, papers, and affidavits are liberally construed in favor of the non-movant. *Id.* Summary judgment should not be granted if the facts give rise to conflicting inferences that would alter the outcome. *Id.* Even though conflicting facts on some elements of a claim exist, summary judgment may be proper when there is no dispute or conflict regarding a fact that is dispositive of the action.

---

[2] The State does not appeal the denial of that part of its summary judgment motion.

3

*Id*.

Money or any property commonly used as consideration for a violation of the dealing in cocaine statute, found near or on a person who is committing, attempting to commit, or conspiring to commit that offense, is *prima facie* evidence that the money "is property that has been used or was to have been used to facilitate the violation of a criminal statute or is the proceeds of the violation of a criminal statute. Ind. Code § 34-24-1-1.

In *Caudill v. State*, 613 N.E.2d 433 (Ind. Ct. App. 1993), police found 4.4014 grams of cocaine in Caudill's jacket pocket. Caudill also had $355 in cash. When the State sought forfeiture, Caudill argued the $355 was not part of the same marked currency police had given to a confidential informant. That, he argued, proved the money was not used in the alleged drug transaction and therefore was not subject to forfeiture. We noted the statute

> provides that money found on or near a person who is committing, attempting to commit, or conspires to commit any of the specifically enumerated offenses, is presumed forfeitable -- period. There is nothing in this section stating that discovered currency is only presumed to be proceeds of drug trafficking. On the contrary, I.C. 34-4-30.1-1(c) [now 34-24-1-1] clearly states such money can also be presumed to be or have been used to violate a criminal statute-for example, to purchase drugs for personal consumption.

*Id*. at 438.

As the State has sustained its burden to prove the nonexistence of a genuine issue of material fact, Hughley "may not rest upon the mere allegations or denials in his pleadings," but must respond by setting forth specific facts showing there is a genuine issue for trial. Ind. Trial Rule 56(E); *Oelling v. Rao*, 593 N.E.2d 189, 190 (Ind. 1992). He has not done so. His affidavit states in relevant part that the money seized when he was arrested was "not the

4

proceeds from criminal activity nor was it intended for a violation of any criminal statute. I did not intend to use that money for anything other [sic] legal activities." (App. at 32.) As the affidavit offered only a general denial that the money was used for or resulted from illegal activity, without specific facts demonstrating a genuine issue of fact for trial, summary judgment for the State was not error. We accordingly affirm.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.