## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 16 2016, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

---

APPELLANT PRO SE

Jerry L. McClure
Pendleton, Indiana

---

## IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| Jerry L. McClure, *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, *Appellee-Respondent.* | February 16, 2016 <br><br> Court of Appeals Case No. 79A02-1501-PC-36 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Thomas H. Bush, Judge <br><br> Trial Court Cause No. 79D02-1408-PC-9 |

**Najam, Judge.**

## Statement of the Case

[1]     Jerry L. McClure appeals the post-conviction court's summary dismissal of his petition for post-conviction relief.  McClure purports to raise four issues for our review, but he did not file a Record on Appeal or a transcript from his guilty-

plea hearing or any other hearings before the trial and post-conviction courts. Absent any record to review, we are obliged to dismiss McClure's appeal.

## Facts and Procedural History

According to McClure's statements in his brief on appeal, in 2006 he pleaded guilty to robbery and habitual offender charges. Thereafter, in 2014, he filed a petition for post-conviction relief, which the trial court summarily dismissed. This appeal ensued.

## Discussion and Decision

McClure appeals the post-conviction court's summary dismissal of his petition for post-conviction relief and purports to raise four issues for our review. However, McClure has not filed a transcript of any proceedings in either the trial court or post-conviction court nor a Record on Appeal. As our appellate rules make clear, the Record on Appeal "shall consist of the Clerk's Record and all proceedings before the trial court . . . ." Ind. Appellate Rule 2(L). The Clerk's Record "shall consist of the Chronological Case Summary (CCS) and all papers, pleadings, documents, orders, judgments, and other materials filed in the trial court . . . or listed in the CCS." App. R. 2(E). And the Appellant's Appendix in a post-conviction appeal

shall contain . . . copies of the following documents, if they exist:

(a) the Clerk's Record, including the [CCS]; . . .

* * *

(d) any other short excerpts from the Record on Appeal . . . that are important to a consideration of the issues raised on appeal; [and]

(e) any record material relied on in the brief unless the material is already included in the Transcript . . . .

App. R. 50(B)(1). Moreover, our appellate rules on the arrangement and contents of briefs require parties to support factual assertions "by page reference to the Record on Appeal or Appendix" and to support argument with "citations to the . . . Appendix or parts of the Record on Appeal relied on . . . ." App. R. 46(A)(6)(a), (8)(a).

[4] We cannot review a record that has not been submitted.[1] In light of the deficiencies discussed, we must dismiss McClure's appeal. *See, e.g.*, *Galvan v. State*, 877 N.E.2d 213, 216 (Ind. Ct. App. 2007).

[5] Dismissed.

Riley, J., and May, J., concur.

---

[1] Of course, it is of no moment that McClure proceeds pro se. "[A] pro se litigant is held to the same standards as a trained attorney and is afforded no leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014).