Stephen F. RAMSEY, Appellant–
Petitioner,

v.

REVIEW BOARD OF THE INDIANA
DEPARTMENT OF WORKFORCE
DEVELOPMENT and Cintas Corpo-
ration No. 2, Appellees–Respondents.

No. 93A02–0204–EX–312.

Court of Appeals of Indiana.

Feb. 27, 2003.

Publication Ordered May 16, 2003.

Stephen F. Ramsey, Muncie, pro se.

Steve Carter, Attorney General of
Indiana, Richard C. Webster, Deputy At-
torney General, Indianapolis, IN, Attor-
neys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Stephen F. Ramsey applied for unem-
ployment benefits after being discharged
by Cintas Corporation No. 2 (Cintas).[1] A
deputy in the local office of the Indiana
Department of Workforce Development
determined that Ramsey was entitled to
unemployment benefits because Cintas

---

1. Cintas was formerly known as Unitog.

failed to establish that the discharge was for just cause. Cintas appealed this determination and requested a hearing before an administrative law judge (ALJ), arguing that Ramsey violated a written standard of conduct that provided for immediate discharge upon an employee's "[a]bsence of three consecutive working days without notifying the Company." *Exhibits* at 6. Following an evidentiary hearing, the ALJ reversed the determination of the deputy and concluded that Ramsey was discharged for just cause[2] and, therefore, not entitled to benefits. Ramsey appealed to the Review Board of the Indiana Department of Workforce Development (the Review Board), which adopted the findings and conclusions entered by the ALJ and affirmed the denial of unemployment benefits. Proceeding pro se, Ramsey now appeals the determination of the Review Board.

We affirm.

 We begin by observing that one who proceeds pro se is "held to the same established rules of procedure that a trained legal counsel is bound to follow" and, therefore, must be prepared to accept the consequences of his or her action. *Mullis v. Martin*, 615 N.E.2d 498, 500 (Ind.Ct.App.1993). While we prefer to decide cases on the merits, we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is "so substantial it impedes our appellate consideration of the errors." *Id.* The purpose of our appellate rules, Ind. Appellate Rule 46 in particular, is to aid and expedite review and to relieve the appellate court of the burden of searching the record and briefing the case. "We will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood." *Terpstra v. Farmers and Merchants Bank*, 483 N.E.2d 749, 754 (Ind.Ct.App.1985), *trans. denied.*

Ramsey's appellate brief contains a multitude of deficiencies and violates nearly every provision of App. R. 46(A) in some way.[3] In a relatively minor initial misstep, Ramsey violates App. R. 46(A)(2) by failing to alphabetically arrange authorities in his table of authorities section. More flagrant violations, though, are quick to follow.

App. R. 46(A)(4) provides that the statement of issues section "shall concisely and particularly describe each issue presented for review." Ramsey's statement sets forth the following "issues":

(a) definition of the word "notifying"

(b) the meaning and implication of the Unitog rule "Absence of three consecutive working days without notifying the company."

(c) the complete ignorance by the Review Board and the Administrative Law Jude of the Cintas Attendance Policy requiring the company to warn before termination.

(d) the denial of due process by the ALJ, by cutting off witness answers and perjudge (sic) of the appeallant (sic)

(e) Cintas Human resource manager Tara MILLER s(sic) confusinng (sic), inacarttatr (sic) testimon (sic) missleading (sic) testimony.

(f) (sic)

---

2. The ALJ based its just cause determination on Ind.Code Ann. § 22–4–15–1(d)(2) (West, PREMISE through 2002 1st Special Sess.). This provision defines just cause to include a "knowing violation of a reasonable and uniformly enforced rule of an employer". *Id.*

3. We note that Ramsey does provide a satisfactory table of contents (App. R. 46(A)(1)) and conclusion (App. R. 46(A)(9)) in his brief.

*Appellant's Brief* at 4. This statement certainly does not satisfy the requirements of the rule or sufficiently apprise this court of the issues presented for review.

App. R. 46 next requires an appellant to provide a statement of case, which "shall briefly describe the nature of the case, the course of the proceedings relevant to the issues presented for review, and the disposition of these issues by the trial court or Administrative Agency." App. R. 46(A)(5). Rather than comply with the rule, Ramsey presents an unnecessarily lengthy statement that is littered with argument,[4] facts favorable to him, and new information that is entirely outside the record.[5]

We now turn to the statement of facts section. An appellant is required to provide a narrative and fair statement of the facts presented in accordance with the standard of review appropriate to the judgment or order being appealed, which in this case requires that the facts be presented in a light most favorable to the decision of the Review Board. App. R. 46(A)(6); *see also Stanrail Corp. v. Review Bd. of Dep't of Workforce Dev.*, 735 N.E.2d 1197 (Ind.Ct.App.2000) (setting forth appropriate standard of review), *trans. denied.* The statement of facts must also be devoid of argument. *Pitman v. Pitman*, 717 N.E.2d 627 (Ind.Ct.App.1999). Ramsey's statement of facts is almost purely argument and certainly does not provide a

fair narrative of the facts stated in a light most favorable to the Review Board's ruling.[6] Moreover, as he did in his statement of the case, Ramsey continues to present "facts" that were not presented below and, therefore, are not supported by page references to the record, in violation of App. R. 46(A)(6)(a).[7] With the "facts" that Ramsey has presented, we could not intelligently consider each question presented without reading the entire record to determine the true facts. *See Terpstra v. Farmers and Merchants Bank*, 483 N.E.2d at 753 ("appellant's brief [must] be prepared so that a judge, considering the brief alone and independently from the record, can intelligently consider each question presented").

Following his statement of facts but before his argument section, Ramsey inserts a three-page section entitled "Human Resource Manager Miller's Testimony." In this rogue section, Ramsey attacks Miller's credibility and describes her testimony as "misleading, inaccurate, confusing, and is perjury". *Appellant's Brief* at 10. He accuses Miller of "knowingly making false statements" and concludes this section by stating, "This type of testimony goes on, some of it is so outrageous that Ramsey is just 'astounded' with Miller's testimony." *Id.* at 11–12. Without detailing the flaws in each of Ramsey's accusations, we simply observe that he misstates the record on

---

**4.** For example, Ramsey states, "Just like in all these type of situations, the cover up and perjury is worse than the original unfair termination." *Appellant's Brief* at 5. Ramsey also refers to the testimony of Tara Miller, Cintas's representative at the hearing, as "complete fantasy". *Id.* at 7.

**5.** Ramsey spends a significant portion of his statement of case discussing information related to his employment with Cintas (and, of course, favorable to him) that was not presented at the hearing.

**6.** For example, Ramsey asserts that Miller had written notification that he would be off work. A fair reading of the testimony cited by Ramsey, however, reveals that Miller only received a sick-pay form for November 27, 2000, which was two days prior to the relevant time period.

**7.** One of the most blatant examples of this from either section of his brief is Ramsey's statement, "In fact Mr. Bob Buck president of Cintas Corp. informed the employees in Jan. of 2000 that all Unitog rules were no longer in force." *Appellant's Brief* at 9.

numerous instances, includes facts outside the record, and does not fairly present Miller's testimony. An impartial reading of Miller's testimony reveals the unwarranted and outrageous nature of Ramsey's accusations of perjury. Moreover, we note that it is not our place on appeal to assess the credibility of a witness. *See Stanrail Corp. v. Review Bd. of Dep't of Workforce Dev.*, 735 N.E.2d 1197.

App. R. 46 next requires that an appellant provide a summary of argument section, which "should contain a succinct, clear, and accurate statement of the arguments made in the body of the brief." App. R. 46(7). Such a summary might have helped us decipher the issues that Ramsey presented for review. To our disappointment, however, Ramsey entirely omits this section from his appellate brief.[8]

We finally reach the argument section of Ramsey's brief, which should contain his contentions, supported by cogent reasoning and relevant authority, as to why the Review Board committed reversible error. App. R. 46(A)(8) provides in part:

(a) The argument must contain the contentions of the appellant on the issues presented, *supported by cogent reasoning*. Each contention must be *supported by citations to the authorities, statutes*, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.

(b) The argument must include for each issue a concise statement of the applicable *standard of review;* this statement may appear in the discussion of each issue or under a separate heading placed before the discussion of the issues. In addition, the argument must include a brief statement of the procedural and substantive facts necessary for consideration of the issues presented on appeal, including a statement of how the issues relevant to the appeal were raised and resolved by any Administrative Agency or trial court.

(c) Each contention shall have an *argument heading*. If substantially the same issue is raised by more than one asserted error, they may be grouped and supported by one argument.

\* \* \*

*Id.* (emphasis supplied). Ramsey's argument fails each of these requirements. First, he fails to provide a statement of the applicable standard of review. Second, he does not separately discuss each of the "issues" set forth in the issue section and does not provide even one argument heading. Rather, his arguments are jumbled together and, as noted previously, intermixed with other sections of his brief. His most serious violation is his failure to support his arguments with relevant authori-

---

**8.** While Ramsey provides a summary of argument section in his reply brief, this does not cure the initial omission. We note that the appellee did not have the benefit of this summary when preparing its brief. In the summary section of his reply brief, Ramsey argues that the Review Board failed to discuss in its appellate brief "the basic question raised by the appellant Ramsey in his appeal, namely: Why the Review Board failed to discuss the Cintas policy requiring a series of written warnings before the possibility of termination and why the appellant was not under the requirements of these rules." *Appellant's Reply Brief* at 3. We cannot fault the Review Board for failing to divine from Ramsey's appellate brief that this was the "basic question" on appeal. Moreover, we observe that a simple answer to Ramsey's question is that the standard of conduct that he was charged with violating did not require a written warning, but rather provided for discharge upon the first violation. Further, Ramsey could not have received any written or verbal warnings prior to his dismissal because he failed to return to work.

ty. We note that Ramsey does not even cite I.C. § 22–4–15–1, the statute which defines "discharge for just cause" and under which he was denied benefits. Further, the few cases cited in this section are neither discussed by Ramsey nor applied to the facts of the instant case. The citations are also devoid of pinpoints to help us determine where, within a decision, support for his contentions may be found.[9] "We will not, on review, search through the authorities cited by a party in order to try to find legal support for its position." *Reed Sign Service, Inc. v. Reid,* 755 N.E.2d 690, 695 n. 4 (Ind.Ct.App.2001), *trans. denied.* We decline to research and brief Ramsey's case for him.

We note one final violation of App. R. 46. While Ramsey attempts to comply with App. R. 46(10), which requires an appellant to include the appealed judgment or order in the appellant's brief, he succeeds only in placing in his brief one page of the two-page findings of fact and conclusions adopted by the Review Board.

"While we are often tolerant of minor infractions of the appellate rules so that we may decide appeals on their merits, those rules are nonetheless binding on all persons bringing appeals to this court." *Sartain v. Blunck,* 453 N.E.2d 324, 325 (Ind.Ct.App.1983). In the instant case, because Ramsey's noncompliance with the appellate rules substantially impedes us from reaching the merits of this appeal, we are compelled to find the issues raised are waived. *See Mullis v. Martin,* 615 N.E.2d 498.

Affirmed.

BROOK, C.J., and MATTINGLY–MAY, J., concur.

**9.** We direct Ramsey to Ind. Appellate Rule 22(A), which states that citations to cases in briefs should follow the format put forth in the current edition of a Uniform System of Citation (Bluebook).

*ORDER*

This Court having heretofore handed down its decision in this appeal on February 27, 2003, marked for Memorandum Decision, Not for Publication;

Comes now the Appellee, Review Board of the Indiana Department of Workforce Development, by counsel, and files herein its Motion to Publish, alleging therein that the decision in this appeal sets out and succinctly discusses the content and arrangements of a proper appellate brief as required by Appellate Rule 46(A); that said decision clarifies Appellate Rule 46(A) and said decision involves issues of public importance relating to the process and procedure of bringing an appeal and therefore alleges that this decision should be published and accordingly prays that this Court publish its Memorandum Decision.

The Court having examined said Motion, having reviewed its opinion in this cause and being duly advised, now finds that said Motion to Publish should be granted.

IT IS THEREFORE ORDERED that this Court's opinion in this appeal heretofore handed down in this cause on February 27, 2003, marked Memorandum Decision, Not for Publication, is now ordered published.