DALE RABER, Appellant-Defendant,
v.
THE HEALTH AND HOSPITAL CORPORATION OF MARION COUNTY, PUBLIC HEALTH DIVISION, Appellee-Plantiff.
No. 49A02-0603-CV-252
Court of Appeals of Indiana.
August 23, 2006
DALE RABER, PRO SE, Indianapolis, Indiana, APPELLANT PRO SE.
ERIC J. ESSLEY, GREG ULLRICH Health & Hospital Corporation of Marion County Public Health Division, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
MATHIAS, Judge.
Dale Raber ("Raber") appeals, pro se, the Marion Superior Court's judgments against him in two separate actions, both stemming from environmental health code violations filed by the Health and Hospital Corporation of Marion County ("the Corporation") pursuant to Indiana Code section 16-22-8-31(b).[1] Concluding that Raber has failed to comply with various rules of appellate procedure, we dismiss his appeal.

Facts and Procedural History
On June 1, 2005, Environmental Health Specialist Chris Van Voorst ("Van Voorst") inspected the property located at 5720 Laurel Street in Indianapolis. Van Voorst confirmed that the property belonged to Raber. Tr. pp. 18-19. After observing health code violations including large rubbish, junk, and building materials located on all sides of the building located at 5720 Laurel Street and in the back yard, Van Voorst issued a violation letter to Raber. On June 16, Van Voorst reinspected Raber's property and observed that some of the code violations previously reported had not been corrected. Specifically, construction debris and building materials remained. Tr. p. 21. Van Voorst issued a $50 citation to Raber. On July 13, 2005, Van Voorst issued a second violation letter to Raber for having a "junk vehicle" with an expired license plate located in the back yard. Appellee's App. pp. 12-14.
The Corporation filed a civil action[2] against Raber on July 19, 2005 regarding the large rubbish, junk, and building materials located at 5720 Laurel Street. Appellee's App. pp. 1-2. Raber responded by filing a pleading that the trial court treated as a counterclaim. Tr. p. 9. On July 27, Van Voorst reinspected the property and again observed the expired license plate on the vehicle. Tr. p. 112. Van Voorst issued a $100 citation to Raber.
The Corporation filed a second civil action[3] against Raber on September 8, 2005 stemming from the inoperable and unlicensed vehicle located at 5720 Laurel Street. Appellee's App. pp. 8-14. On October 26, 2005, the trial court entered judgment in favor of the Corporation for the first civil action and ordered Raber to pay the original $50 citation plus costs. Appellee's App. p. 4.
On February 7, 2006, the trial court entered judgment in favor of the Corporation for the second civil action and ordered Raber to pay the original $100 citation plus costs. Appellee's App. p. 15. Raber now appeals the trial court's rulings in both civil actions.

Discussion and Decision
An appellant who proceeds pro se is "held to the same established rules of procedure that a trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action." Thacker v. Wentzel, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) (quoting Ramsey v. Review Bd. Of Ind. Dep't of Workforce Dev., 789 N.E.2d 486, 487 (Ind. Ct. App. 2003)). As such, a pro se litigant is expected to adhere to the prescribed form of the appellate brief set out in Appellate Rule 46. Among other things, that means the Statement of Facts is to be a narrative statement of the facts in the underlying action and is not to be argumentative. Anthony v. Ind. Farmers Mut. Ins. Group, 846 N.E.2d 248, 252 (Ind. Ct. App. 2006) (citing Parks v. Madison County, 783 N.E.2d 711,717 (Ind. Ct. App. 2002), trans. denied). Additionally, the appellate brief must contain a Statement of the Case section. The rule describes the contents of that section as follows: "This statement shall briefly describe the nature of the case, the course of the proceedings relevant to the issues presented for review, and the disposition of these issues by the trial court or Administrative Agency." Ind. Appellate Rule 46(A)(5) (2006). The Statement of the Case sets forth the procedural history of the case. See Moore v. Liggins, 685 N.E.2d 57, 65-66 (Ind. Ct. App. 1997).
Raber has failed to include these sections under separate headings in his appellate brief. It is impossible to discern where Raber's facts, procedural history, and arguments begin and end, amounting to little more than a torrent of completely unfounded accusations.[4] Among others, Raber "believes he is being herrassed [sic] by the inspector, Mr. Vanvoorst [sic]." Br. of Appellant at 2. Further, Raber requests that the Corporation's attorney "Amy Jones [sic] continuous misbehavior and Court Missconduct [sic] should be looked into[.]" Br. of Appellant at 5. As a whole, Raber's brief fails to make arguments supported by any legal authority whatsoever, in violation of Rule 46. Finally, Raber failed to file an appendix with his appellate brief as required by Rule 49.
Failure to follow the appellate rules can, in egregious situations, lead to dismissal of the appeal. Kirchoff v. Selby, 703 N.E.2d 644, 656 (Ind. 1998). We regretfully conclude that Raber's failure to comply with the appellate rules precludes review of his appeal.
Dismissed.
FRIEDLANDER, J., and BARNES, J., concur.
NOTES
[1] Section 16-22-8-31(b) states that "[o]rders, citations, and administrative notices of violation issued by . . . an environmental health specialist may be enforced by the corporation in a court with jurisdiction by filing a civil action[.]" Ind. Code § 16-22-8-31(b) (1997).
[2] Cause Number 49F12-0507-OV-028873.
[3] Cause Number 49F12-0509-OV-036478.
[4] We also note that Raber's language begins on the cover page of his appellate brief. This is in violation of Rule 43(I).