**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 26 2012, 9:02 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JESSIE M. SPEARS**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JESSIE M. SPEARS, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | ) No. 93A02-1106-EX-519 |
| | ) |
| REVIEW BOARD OF THE INDIANA | ) |
| DEPARTMENT OF WORKFORCE | ) |
| DEVELOPMENT and MEIJER STORES | ) |
| LIMITED PARTNERSHIP, | ) |
| | ) |
| Appellees. | ) |

APPEAL FROM THE REVIEW BOARD OF THE
INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT
Cause No. 11-R-02259

**September 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

<u>STATEMENT OF THE CASE</u>

Jessie Spears ("Spears"), pro se, appeals the decision of the Review Board of the

Indiana Department of Workforce Development (the "Review Board") denying her claim for

unemployment benefits.

We affirm.

<u>ISSUE</u>

Whether the Review Board properly determined that Spears was terminated for
just cause.

<u>FACTS</u>

Spears worked as a cashier for Meijer Stores Limited Partnership ("Meijer"). On June

22, 1998, Spears signed and acknowledged receipt of Meijer's employee handbook, which

set forth "guidelines and examples of unacceptable conduct," for which an employee may be

discharged, including, but not limited to, "[t]heft, unauthorized removal or possession of

company property or property of others from or on company premises." (Meijer's Ex. 1).

The handbook also provided that "new policies and procedures may be added . . . . Written .

. . notice of changes in policy . . . may be given to you . . . through the posting or distribution

of written notices . . . . It is your responsibility to be aware of and follow any new policies . .

. ." *Id.* (emphasis omitted). At some point, Meijer distributed to its employees the following

notice:

<u>REGARDING : COUPONS/REBATES</u>

It is important that all team members understand their responsibility when
using and/or handling coupons/rebates.

2

Fraudulent use, handling or misuse of any coupons (i.e., Meijer coupons, vendor coupons, Meijer custom coupons, etc.) or rebates is absolutely prohibited.

Coupons generated at the register are to be given to the guest making the purchase. Coupons not claimed by the guest are to be destroyed and are not to be kept or redistributed.

Team members involved in fraudulent use, handling or misuse of coupons/rebates will be suspended and subsequently terminated.

(Meijer's Ex. 2) (emphasis omitted).

Subsequently, Steven Karagias ("Karagias"), who worked in loss prevention, received a "tip from a team member" that Spears had been using promotional coupons generated for customers of Meijer. (Tr. 7). Karagias obtained two of the coupons used by Spears. Each coupon was for twenty dollars off of a purchase at Meijer.

Using information printed on the coupons, including at which store and register, as well as the date and time the coupons were printed, Karagias determined that the coupons had not been generated for Spears. Karagias also determined that the qualifying purchase had been made with a credit card that did not belong to Spears. Video surveillance confirmed that the coupons had not been generated for Spears. Meijer terminated Spears on February 19, 2011.

On March 29, 2011, the Indiana Department of Workforce Development (the "IDWD") determined that Spears was discharged for just cause "due to violation of the employer's policy." (IDWD Ex. 1). Thus, Spears was ineligible to receive weekly unemployment insurance benefits.

On April 5, 2011, Spears filed an appeal of the IDWD's determination. On April 21, 2011, the IDWD held an evidentiary hearing, with an Administrative Law Judge ("ALJ") presiding. Karagias and Sandra Patrick ("Patrick") testified on behalf of Meijer. Spears also testified. Meijer submitted, and the ALJ admitted into evidence, the relevant portions of the employee handbook, Spears's signed acknowledgment that she had received and read the handbook, and the notice to employees regarding the use of coupons. Spears did not submit any evidence. The ALJ affirmed the IDWD's determination.

Spears appealed the ALJ's decision to the Review Board. The Review Board did not consider additional evidence.[1] On June 1, 2011, the Review Board adopted the ALJ's findings of fact and conclusions of law, which read as follows:

> FINDINGS OF FACT: The [ALJ] makes the following findings of fact: [Spears] worked for [Meijer] from June 30th, 1998 until February 19th, 2011 as a cashier. [Meijer] had a Handbook, which contains various policies that employees are expected to follow. All employees are given a copy of the Handbook and [sic] sign acknowledging that they read and understood its content. [Spears], as an employee, likewise received a copy and signed[,] saying that she intended to comply with it. The pertinent provisions stated, "Violation of these rules and policies may result in discipline, up to and including discharge. Theft, unauthorized removal or possession of company property or property of others from or on company premises." [Meijer] gave all cashiers a memo which read, "Coupons generated at the register are to be given to the guest making the purchase. Coupons not claimed by the guest are to be destroyed and are not to be kept or redistributed. Team members involved in fraudulent use, handling or misuse of coupon/rebates will be suspended and subsequently terminated."

---

[1] We note that Spears does not assert that she submitted additional evidence. Spears, however, does include several documents not made part of the record on appeal. As these documents are not properly before us, we will not consider them. *See Haste v. State*, 967 N.E.2d 576, 577 (Ind. Ct. App. 2012) (noting that this court cannot consider matters outside the record).

[Meijer] received a tip from another employee that [Spears] had used two pharmacy generated coupons on the employee's lane that didn't seem to be for [Spears]. [Meijer] therefore began an investigation and tracked the use of all coupons by [Spears]. From this investigation [Meijer] found two more coupons used that were suspicious. [Meijer] looked into these pharmacy generated coupons and found that [Spear]'s customer number did not match the number on the coupons, the credit card number associated with the sale to get the coupons did not match [Spear]'s credit card number, and the video pulled when these coupons were given showed that they were given to two separate individuals, neither of which [sic] were [Spears]. Therefore, despite [Spear]'s insistence that she specifically recalled being given one of the two coupons and didn't know why the video showed someone else getting them, [Meijer] found it had enough evidence to show that [Spears] violated the policy so it discharged her on February 19th, 2011.

CONCLUSIONS OF LAW: The burden of showing just cause for discharge of the employee is upon the employer. The employer bears the burden to establish a prima facie showing of just cause for termination.

Under Indiana Code § 22-4-15-1(d)(2), the definition of discharge for just cause includes knowing violation of a reasonable and uniformly enforced rule of an employer. . . . [T]he Review Board must make certain specific findings in cases involving discharge for violating an employer's rules. To find that a discharge was for just cause, the Review Board must first find that: (1) there was a rule; (2) the rule was reasonable; (3) the rule was uniformly enforced; (4) the claimant knew of the rule; and (5) the claimant knowingly violated the rule.

In the present matter, [Meijer] met its burden. There was a rule as it was written in [Meijer]'s handbook. The rule was reasonable ensuring that the customer received the discount they [sic] deserved and that employees did not commit theft by taking a discount they did not earn. The rule was uniformly enforced with all employees who violate it treated equally with discharge. [Spears] knew the rule as she signed stating that she read and intended to comply with its terms. Finally, [Meijer] proved that [Spears] knowingly violated the policy when it was able to determine that the coupon did not match [Spear]'s customer number or credit card number and it was not handed to her as seen by video. Therefore, [Meijer] discharged [Spears] for just cause.

(Ex. Vol. at 18-19). Accordingly, the Review Board affirmed the ALJ's decision.

5

<u>DECISION</u>

Spears asserts that the Review Board erred in affirming the ALJ's decision. First, we note that Spears is proceeding pro se. Pro se litigants are held to the same standard as are licensed attorneys. *Moore v. Review Bd. of Ind. Dep't of Workforce Dev.,* 951 N.E.2d 301, 306 (Ind. Ct. App. 2011). Thus, a litigant who chooses to proceed pro se must, like trained legal counsel, be prepared to accept the consequences if she fails to adhere to procedural rules. *Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.,* 789 N.E.2d 486, 487 (Ind. Ct. App. 2003). Here, Spears has failed to comply with several of the Indiana Appellate Rules. Failure to comply with these rules generally results in waiver of the argument on appeal. *See Ramsey,* 789 N.E.2d at 490. We, however, prefer to dispose of cases on their merits. *See Moore*, 951 N.E.2d at 306. Accordingly, we shall consider the merits of Spears's appeal.

Spears essentially challenges the sufficiency of the evidence to support the Review Board's decision.

> In Review Board cases, we are limited to a two-part inquiry into the sufficiency of the facts found to sustain the findings of fact. We will reverse the decision only if there is no substantial evidence to support its findings. In conducting our analysis, we neither reweigh the evidence nor assess witness credibility.
>
> An unemployment claimant is ineligible for unemployment benefits if she is discharged for just cause. Just cause includes discharge for a knowing violation of an employer's reasonable and uniformly enforced rule. The employer bears the burden of establishing a prima facie showing of just cause for termination. Once that burden is met, the burden shifts to the employee to introduce competent evidence to rebut the employer's case.

*Moore*, 951 N.E.2d at 306 (citations omitted).

6

Here, Meijer presented evidence that it prohibited theft, including employees keeping and using coupons generated for customers; it had informed its employees of its policy regarding coupons; and Spears had acknowledged Meijer's policies. Furthermore, Patrick testified that Meijer uniformly enforced its policy regarding the use of coupons. Karagias testified that he had verified, by tracking information printed on the coupons and reviewing video surveillance, that Spears had used at least two coupons that had not been generated for her. Spears admitted that she had used two coupons. Although she testified that she had receipts for the coupons, she did not submit any evidence.

Given the evidence presented by Meijer, as well as Spears's lack of evidence to rebut Meijer's case, we find no error in the Review Board affirming the ALJ's determination.

Affirmed.

FRIEDLANDER, J., and BROWN, J., concur.