**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jun 04 2014, 10:08 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**SHEMIKA L. BOYD**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHEMIKA L. BOYD, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1310-EX-886 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and | ) | |
| AMAZON COM INDC, LLC, | ) | |
| | ) | |
| Appellees-Respondent. | ) | |

APPEAL FROM THE INDIANA DEPARTMENT
OF WORKFORCE DEVELOPMENT
The Honorable Steven F. Bier, Chairperson
Cause No. 13-R-3384

**June 4, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

STATEMENT OF THE CASE

Appellant-Petitioner, Shemika Boyd (Boyd), appeals the decision of the Unemployment Review Board of the Indiana Department of Workforce Development (the Board) that Boyd is ineligible for unemployment compensation benefits following her termination by Appellee-Respondent, Amazon COM INDC LLC (Amazon).

We affirm.

ISSUE

Boyd raises one issue on appeal, which we restate the following: Whether there was sufficient evidence to support the Board's determination that Boyd was ineligible for unemployment compensation benefits because she was discharged for just cause.

FACTS AND PROCEDURAL HISTORY

On September 11, 2011, Boyd began working at Amazon as a full time warehouse associate. On June 21, 2013, Boyd requested five hours of unpaid personal time to be used on June 23, 2013. Her vacation was approved by her manager. However, the manager did not know she had only two hours available. From June 24 to June 26, 2013, Boyd worked her normal shift from 7:00 a.m. to 5:00 p.m. On June 26, 2013, Amazon discharged Boyd around 5:45 p.m.

Boyd subsequently filed a claim for unemployment compensation benefits with the Indiana Department of Workforce Development (DWD). On July 19, 2013, the DWD found Boyd eligible for unemployment compensation benefits because Amazon had not provided sufficient evidence to "establish that the discharge was as a result of willful

misconduct." (Exhibit p. 1). On July 29, 2013, Amazon appealed that decision. In a hearing before the Administrative Law Judge (ALJ) on September 6, 2013, Amazon was present, but Boyd failed to attend despite being given notice. Following the hearing, the ALJ entered the following findings of facts and conclusions of law, reversing the DWD's decision:

> *Finding of Fact*
> [Amazon] has an attendance policy that provides []all absences must be scheduled using paid time off, which the employees get 40 hours to start and vacation depending on tenure. There is also a bank of time for emergencies that is unpaid. Employees start at 40 hours available unpaid time [] . Any negative balance of unpaid time [] is grounds for termination under the policy. [Boyd] received three letters warning her that her time was low. The last came on May 14, [2013] [warning] her that she only had two hours of unpaid time off left.
>
> The last absence that put [Boyd] into negative unpaid time off balance was on June 23, 2013. [Boyd] requested for five hours off that was approved ahead of time by a manager, but the manager did not know that [Boyd] only had two hours available. [] [Boyd] knew she had only two hours available from the latest warning letter she received. The hour balance is also available on the work computer system for employees to look at their available time and they are responsible for keeping track, and not managers. []
>
> *Conclusion of Law*
> A claimant is disqualified for unemployment benefits if he or she has been discharged for "just cause[.]" [Amazon] asserted that it discharged [Boyd] for violating a work rule. Pursuant to the Indiana Code, "just cause" includes a "knowing violation of a reasonable and uniformly enforced rule of an employer, including a rule regarding attendance."
>             * * *
> The ALJ concludes: [Amazon] cited [a] work rule [that was] reasonable [,] that places no harsh requirements on employees, and [that] prevents poor attendance by employees. The rule can be and is uniformly enforced because any employee who uses up paid time off and goes into a negative balance with unpaid time off is discharged. [] [Boyd] was aware of the rule. [Boyd] knowingly violated a known, reasonable, and uniformly enforced rule of [Amazon]. [Amazon] discharged [Boyd] for just Cause.
>
> *Decision*

The [d]etermination of [e]ligibility dated July 19, 2013, is [reversed]. [Amazon] discharged [Boyd] for just cause. [Boyd's] weekly benefit amount is suspended effective week ending June 29, 2013 . . .

(Exhibit pp. 18-19). Boyd appealed the decision of the ALJ to the Board, which affirmed the ALJ's decision.

Boyd now appeals. Additional information will be provided as necessary.

DISCUSSION AND DECISION

I. *Waiver*

Boyd, who is appealing *pro se*, filed an appellant's brief that entirely fails to comply with the Indiana Rules of Appellate Procedure, including arguments are not "[un]supported by cogent reasoning" and without appropriate citations to legal authority. Ind. Appellate Rule 46(A)(8)(a). A *pro se* appellant is bound by the procedural rules in the same manner as a licensed attorney. *Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003). It is not the role of this court to act as an advocate for a *pro se* party or address arguments that are "too poorly developed or improperly expressed to be understood." *Id.* Accordingly, where a party's non-compliance with the appellate rules is so substantial as to impede our review, we will consider her alleged errors waived. *Id.* In this case, Boyd's brief disregards the applicable provision of Appellate Rule 46, and it would be well within our province to find she has waived her argument for appeal. However, it is well-established that our court prefers to decide cases based on their merits. *Moore v. Review Bd. of Ind. Dep't of Workforce Dev.*, 951 N.E.2d 301, 306 (Ind. Ct. App. 2011). Because we are able to discern the gist of Boyd's claim, we elect to consider the merits of this case, waiver notwithstanding.

4

## II. *Standard of Review*

Pursuant to the Indiana Compensation Act (Act), "[a]ny decision of the [Board] shall be conclusive and binding as to all questions of fact." Ind. Code § 22-4-17-12(a). When the Board's decision is challenged as contrary to law, we must consider whether there is sufficient evidence to support the Board's factual findings and whether there are sufficient facts to sustain the decision. *S.S. LLC v. Review Bd. of Ind. Dep't of Workforce Dev.*, 953 N.E.2d 597, 602 (Ind. Ct. App. 2011). On review, "(1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact—ultimate facts—are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness." *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136, 1139 (Ind. 2011). Accordingly, we will affirm the Board's decision if there is substantial evidence to support its findings and if the decision is reasonable in light of those findings. *Coleman v. Review Bd. of Ind. Dep't of Workforce Dev.*, 905 N.E.2d 1015, 1019 (Ind. Ct. App. 2009). We do not assess witness credibility or reweigh evidence, and we consider only the evidence most favorable to the Board's decision. *Id.*

## III. *Just Cause for Termination*

Here, Boyd argues that she is entitled to unemployment compensation benefits because she was discharged by Amazon for an unjust cause. In her brief, Boyd asserts that the ALJ's finding that she knowingly violated Amazon's attendance policy was erroneous. Boyd explains that she cumulatively had "2.54 hours of personal time" and "3.35 hours of vacation time," and "2 hours of unpaid time." (Appellant's Br. p. 6). Thus, Boyd argues

5

that she had a total of "7.89 hours to use before she would reach a negative balance to be terminated." *Id.*

Turning to Boyd's argument, we first note that Boyd raises these issues for the first time on appeal. A party who fails to raise an issue before an administrative body waives the issue on appeal. *See Cunningham v. Review Bd. of Ind. of Ind. Dep't of Workforce Dev.,* 913 N.E.2d 203, 206 (Ind. Ct. App. 2008). Thus, Boyd should have presented these facts to the ALJ, but because Boyd did not return the written acknowledgement or leave her telephone number, she did not participate in the hearing. Consequently, Amazon presented to the ALJ the following evidence: In April 2013, Amazon rolled out an attendance policy assigning to all of its employees, forty hours of unpaid personal time. Any negative balance of unpaid personal time, per the policy is grounds for termination. Boyd used her unpaid personal time for the year 2013 as follows: April 7, five hours; April 9, three hours; April 11, five hours; April 12, ten hours; April 16, five hours; May 3, five hours; May 5, two hours; May 12, three hours; June 1, one hour; June 23, five hours. Cumulatively, Boyd had taken forty-four hours of unpaid personal time.

In addition, Amazon presented that on May 14, 2013, it had sent a warning letter to Boyd informing her that she only had two hours of unpaid personal time left. Despite the notice, Boyd requested five hours of vacation time, all to be used on June 23, 2013. Knowing that she only had two hours of unpaid personal time, Boyd took five hours. We find that her actions were a direct violation of Amazon's attendance policy. After Boyd returned from her vacation, she had a negative balance of unpaid personal time; thus, Amazon had sufficient grounds to terminate her employment.

6

Therefore, we find that in affirming ALJ's decision, the Board had substantial evidence to conclude that Boyd had used up all her unpaid personal time, thus it merited her discharge.

CONCLUSION

Based on the foregoing, we conclude that there is sufficient evidence to support the Board's determination that Amazon terminated Boyd's employment for just cause, thus disqualifying her from unemployment compensation benefits.

Affirmed.

ROBB, J. and BRADFORD, J. concur