## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 26 2019, 9:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE
Michael H. Waller, Jr.
Hammond, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael H. Waller, Jr.

*Appellant-Respondent,*

v.

Cari Anne Hightower,

*Appellee-Petitioner*

August 26, 2019

Court of Appeals Case No.
18A-DC-2717

Appeal from the Hamilton
Superior Court

The Honorable Steven R. Nation,
Judge

Trial Court Cause No.
29D01-1710-DC-9880

**Altice, Judge.**

### Case Summary

[1]     Proceeding pro se on appeal, Michael H. Waller "seeks an overruling of the Trial Courts [sic] Order denying his request for a change of venue, expanded instructions on ruling on Change of Venues [sic] under IC 34-35-1-1, and Ind.

Trial Rule 76, and Punitive Damages against the Trail [sic] Court of Hamilton County in the amount of two-hundred and fifty thousand Dollars (250,000)." *Appellant's Brief* at 5.

[2] We dismiss.

## Facts & Procedural History

[3] Waller has wholly failed to provide an adequate record on appeal. His appendix includes only the trial court's November 7, 2018 order, the chronological case summary, and several related documents filed by Waller with the trial court on October 24, 2018. Pursuant to Ind. Appellate Rule 50(A), Waller was responsible for including copies of those parts of the record necessary for our review. *See Cavallo v. Allied Physicians of Michiana, LLC*, 42 N.E.3d 995, 999 n.1 (Ind. Ct. App. 2015) ("Appellants who fail to include the materials necessary for our review risk waiver of the affected issues or dismissal of the appeal."). In order to understand the procedural posture and facts of this case, we have sought out the relevant documents from the trial record on our own.

[4] On October 26, 2017, Cari Hightower filed a petition for dissolution of her marriage with Waller. Two children had been born of their five-year marriage. On November 6, 2017, Waller filed a pro-se motion for change of venue from Hamilton County Superior Court to Marion County Superior Court. One basis of his motion was that Hightower had been a recent, former employee of the court and her mother was, at the time, a twenty-year employee of the court.

Hightower objected to the motion for change of venue, and the trial court denied the motion on November 15, 2017.

[5] Thereafter, the final dissolution hearing was held on February 14, 2018. Hightower appeared in person and by counsel. Waller did not appear. After the presentation of evidence, the trial court took the matter under advisement and then issued the decree of dissolution the following day. Waller did not appeal from the dissolution decree.

[6] About seven months later, on September 11, 2018, Waller filed a consolidated motion to set aside final decree, vacate decree, and dismiss with prejudice. Waller did not cite a trial rule in his motion, but the basis of his motion was that his marriage with Hightower was neither legal nor binding because the marriage license listed his middle initial as "A" when it is actually, as evidenced by his birth certificate, "H" for Henry. Hightower responded to the motion and argued that the incorrect middle initial on the marriage license was a scrivener's error, which is not a reason to void a marriage under Indiana law. On October 4, 2018, the trial court denied Waller's motion to set aside the dissolution decree and ordered him to pay to Hightower's counsel $275 in reasonable attorney fees.

[7] On October 24, 2018, Waller made multiple pro-se filings with the trial court. These included a "Renewed Motion for Change of Venue", "Affidavit of bias, prejudice, or interest of the Judge before whom the cause is pending", "Application for County Change of Venue", and "Timing Affidavit

Exemption". In sum, Waller once again asserted his argument that a change of venue from the county was necessary in this case due to bias and prejudice resulting from Hightower's previous and her mother's current employment with the Hamilton County court system. He claimed that the trial court abused its discretion when, in November 2017, it denied his original motion for change of venue. In his renewed motion for change of venue, Waller requested that the trial court set aside and vacate the dissolution decree and dismiss the case with prejudice. The trial court summarily denied the renewed motion on November 7, 2018. Waller now appeals.

## Discussion & Decision

[8] The grounds for dismissing Waller's appeal are plentiful. We begin by observing his substantial violation of our appellate rules. As a pro-se appellant, Waller is held to the same established rules of procedure that trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his actions. *See In re Garrard*, 985 N.E.2d 1097, 1103 (Ind. Ct. App. 2013), *trans. denied*; *Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003). Although we prefer to decide cases on the merits, flagrant violation of our appellate rules[1] may result in dismissal of

---

[1] "The purpose of our appellate rules, Ind. Appellate Rule 46 in particular, is to aid and expedite review and to relieve the appellate court of the burden of searching the record and briefing the case." *Ramsey*, 789 N.E.2d at 487. "We will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood." *Id*. (quoting *Terpstra v. Farmers & Merchants Bank*, 483 N.E.2d 749, 754 (Ind. Ct. App. 1985), *trans. denied*).

the appeal or waiver of the issues presented. *See Galvan v. State*, 877 N.E.2d 213, 216 (Ind. Ct. App. 2007); *Ramsey*, 789 N.E.2d at 487.

[9] Here, Waller violated nearly every provision of App. R. 46(A). His Table of Authorities is not in alphabetical order and does not include references to the page(s) in his brief on which each authority is cited. App. R. 46(A)(2). His Statement of Issues does not "concisely and particularly describe each issue presented for review" and, in fact, is simply a statement of the relief sought rather than any of the issues presented. App. R. 46(A)(4). He has no Statement of the Case or Statement of Facts sections as required by App. R. 46(A)(5)[2] and (6).[3] Rather, Waller has sections entitled "Background" and "First-hand Accounts of Judicial Bias". These sections have no citations to the record, include scandalous and unsupported accusations against the courts in Hamilton County and others, and improperly contain argument. Waller includes no Summary of Argument section in his brief,[4] and his lengthy Argument section, though not titled as such, does not set out the applicable standard of review, as

---

[2] This section "shall briefly describe the nature of the case, the course of the proceedings relevant to the issues presented for review, and the disposition of these issues by the trial court …. Page references to the Record on Appeal or Appendix are required in accordance with Rule 22(C)." *Id.*

[3] This section "shall describe the facts relevant to the issues presented for review", "be supported by page references to the Record on Appeal or Appendix in accordance", and "be stated in accordance with the standard of review appropriate to the judgment or order being appealed." *Id.*

[4] "The summary should contain a succinct, clear, and accurate statement of the arguments made in the body of the brief." App. R. 46(A)(7)

required by App. R. 46(A)(8)(b), includes many arguments that are nonsensical[5] and not supported by cogent reasoning, and, once again, does not include a single citation to the record. Finally, as discussed previously, Waller has failed to provide an adequate Appendix for our review, as required by App. R. 50(A).

[10] In sum, Waller's appellate brief and appendix offer little to no assistance to us in addressing his appeal. His numerous and flagrant violations of our appellate rules make his appeal subject to dismissal. *See Galvan*, 877 N.E.2d at 216.

[11] Moreover, even if we were to reach the merits, it is apparent that Waller's appeal is not properly before us. His original motion for change of venue from county was denied in November 2017, and the decree of dissolution was entered on February 15, 2018. He did not file a timely appeal of the dissolution decree, which resulted in forfeiture of his right to appeal. *See* Ind. Appellate Rule 9(A)(1) ("A party initiates an appeal by filing a Notice of Appeal … within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary."); App. R. (9)(A)(5) ("Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited …."). Waller's attempt to resurrect his change of venue claim more than eight months after the final judgment was improper because the matter was already settled by his failure to timely appeal.

---

[5] For example, citing Article 1, Section 1 of the Indiana Constitution, Waller "requests this court grant the relief requested because I feel it would help me pursue happiness." *Appellant's Brief* at 11.

[12]  Appeal dismissed.

Kirsch, J. and Vaidik C.J., concur.