## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 24 2019, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Warren Parks<br>Greencastle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Frances Barrow<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Warren Parks,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 24, 2019<br><br>Court of Appeals Case No.<br>18A-PL-3068<br><br>Appeal from the Putnam Superior Court<br><br>The Honorable Charles Bridges, Judge<br><br>Trial Court Cause No.<br>67D01-1807-PL-30 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, Warren Parks (Parks), appeals the trial court's denial of his request for an extension of time to file a rebuttal to a pleading filed by the Appellee-Defendant, the State of Indiana (the State).

We affirm.

# ISSUE

Parks presents several issues on appeal, one of which we find dispositive and restate as the following: Whether the trial court erred in denying his request for an extension of time.

# FACTS AND PROCEDURAL HISTORY

Parks is currently serving a thirty-year sentence at Putnamville Correction Facility. On July 2, 2018, Parks filed a motion for preliminary injunction, seeking to enjoin the warden, Brian Smith (Warden Smith). Parks claimed that Warden Smith had improperly taken "money off [his] inmate trust fund [] for a child support order" issued by a "magistrate" who did not have authority to "act as a judicial officer, because he/she was never properly elected as a [j]udge." (Appellee's App. Vol. II, pp. 9-10). On July 30, 2018, the State filed a motion for an extension of time to respond to Parks' preliminary injunction. Parks responded by stating that he had no objection to the State's request for an extension of time; however, he included interrogatories in that same response. On August 6, 2018, Parks filed an affidavit, which the State construed as a discovery request.

[5] On September 10, 2018, Parks filed a writ of mandamus, arguing that Warden Smith retaliated against him after he filed his motion for preliminary injunction and denied him access to the prison law library. The following day, on September 11, 2018, the State filed its response to Park's motion for a preliminary injunction, pointing out that Parks had not requested any specific relief. The State also attached three child support income withholding orders from Ohio and a judgment from the Ohio court of appeals affirming Parks' child support obligation. On the same day, the State filed an extension of time with respect to Parks' discovery request filed on August 6, 2018. On September 17, 2018, the trial court extended the time within which the State could respond to Parks' preliminary injunction. On October 12, 2018, the State responded to Parks' discovery requests and, with specificity, objected to Parks' interrogatories.

[6] On October 22, 2018, Parks filed three motions (October 22nd Motions). The first was a motion to compel discovery. Even though Parks had never filed a complaint, the second motion was a request to file an amended complaint. The third motion was a motion to strike the State's responsive pleading as to his motion for preliminary injunction, arguing that it was "irrelevant" since the State's counsel had withdrawn her appearance. (Appellee's App. Vol. II, p. 96). After Parks filed his October 22nd Motions, the State filed a consolidated response (Consolidated Response) on November 9, 2018.

[7] On November 28, 2018, through several orders, the trial court denied Parks' motion for preliminary injunction and Parks' October 22nd Motions—*i.e.,* the

motion to strike, the motion for leave to file an amended complaint, and the motion to compel discovery. The next day, on November 29, 2018, Parks filed a motion for extension of time to file a rebuttal to the State's Consolidated Response. Since it had already denied Parks' underlying action and other pending motions, on November 30, 2018, the trial court denied Parks' motion for extension of time, finding that it was moot.

Parks now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

At the outset we note that Parks proceeds *pro se*. A litigant who proceeds *pro se* is held to the rules of procedure that trained counsel is bound to follow. *See Hill v. State*, 773 N.E.2d 336, 346 (Ind. Ct. App. 2002). One of the risks that a defendant takes when he decides to proceed *pro se* is that he will not know how to accomplish all of the things that an attorney would know how to accomplish. *Id*. When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of the appeal. *Foley v. Mannor*, 844 N.E.2d 494, 496 (Ind. Ct. App. 2006).

Parks' appellate brief is deficient in many respects. First, the statement of facts section lists the number of pleadings filed by the parties, which is essentially a violation of Indiana Appellate Rule 46(A)(6), which limits the statement of facts to a narrative description of the relevant facts stated in accordance with the appropriate standard of review. *See New v. Pers. Representative of Estate of New*,

938 N.E.2d 758, 765 (Ind. Ct. App. 2010). Similarly, Parks' statement of the case fails to lay out the relevant procedural posture of the case as required by Indiana Appellate Rule 46(A)(5), but instead includes allegations and arguments comprised of two sentences.

[11] Turning to the argument section in his brief, it appears that Parks does not challenge the trial court's denial of his motion for preliminary injunction or the denial of his October 22nd Motions. Rather, Parks' challenge on appeal is that the trial court violated his constitutional rights by denying his request for an extension of time to file his rebuttal to the State's Consolidated Response.

[12] Without addressing the fact that his underlying action has been dismissed—*i.e.*, the preliminary injunction and accompanying motions—Parks repeatedly asserts that the trial court's denial of his request for an extension of time to file his rebuttal to the State's Consolidated Response interfered with his constitutional rights; however, he fails to cite a single case in support of his assertion. Parks further baldly claims that the trial court was unfairly biased against him and, although he cites some legal authority, he fails to then offer a semblance of cogent argument or reasoning. The mere citation to legal authority in support of an argument is insufficient if it is not also supported by cogent reasoning. *See, e.g., Wingate v. State*, 900 N.E.2d 468, 475 (Ind. Ct. App. 2009).

[13] Because Parks' contentions are too poorly expressed and developed, it has prevented our appellate analysis and consideration of her alleged errors. *See*

*Davis v. State*, 835 N.E.2d 1102, 1113 (Ind. Ct. App. 2005). "While we are often tolerant of minor infractions of the appellate rules so that we may decide appeals on their merits, those rules are nonetheless binding on all persons bringing appeals to this court." *Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486, 490 (Ind. Ct. App. 2003). Further, we will not search the record to find a basis for a party's argument, nor will we search the authorities cited by a party in order to find legal support for his position. *Thomas v. State*, 965 N.E.2d 70, 77 n.2 (Ind. Ct. App. 2012). In short, this Court will "not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Basic v. Amouri*, 58 N.E.3d 980, 984 (Ind. Ct. App. 2016). In the instant case, because Parks' noncompliance with the appellate rules substantially impeded us from reaching the merits of this appeal, we are compelled to find the issue waived, and we affirm the trial court.

# CONCLUSION

[14] Concluding that Parks has waived our review of his claims on appeal, we affirm the judgment of the trial court.

[15] Affirmed.

[16] Vaidik, C. J. and Bradford, J. concur