# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 07 2020, 8:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Larry Tabb<br>Westville, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>J.T. Whitehead<br>Deputy Attorney General<br>Indianapolis, Indiana |

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Larry Tabb,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 7, 2020<br><br>Court of Appeals Case No.<br>18A-PC-1364<br><br>Appeal from the Porter Superior Court<br><br>The Honorable Roger V. Bradford, Judge<br><br>Trial Court Cause No.<br>64D01-0911-PC-11393 |

**May, Judge.**

[1] Larry Tabb[1] appeals the denial of his petition for post-conviction relief. Because Tabb has not demonstrated the court erred in denying his petition, we affirm.

# Facts and Procedural History

[2] We take the facts underlying Tabb's convictions from our opinion on direct appeal:

> During the early evening of April 16, 2003, Porter County Drug Task Force officers were conducting surveillance of room 119 at the Dollar Inn Motel on Highway 20 in Portage, Indiana. Officers saw Kevin Easton ("Easton") enter the room and leave minutes later. Easton was stopped, searched, and found to have cocaine on his person. He told officers that he had obtained the cocaine from Tabb.

> The officers saw Tabb looking out the window of Room 119. They drew their weapons, entered Room 119, and arrested Tabb and William Melton ("Melton"). Officer Brian McDonald saw a plastic bag on the floor between the two beds in the room. The bag contained four plastic baggies, each having a white powdery substance inside. The substance was tested and found to consist of four and a quarter grams of cocaine.

> On April 17, 2003, the State charged Tabb with Dealing in Cocaine. His jury trial commenced on September 6, 2005. On the morning of the trial, the State charged Tabb with Possession of

---

[1] Tabb contends his name is actually Larry Jones and claims Jones is the "real party of interest" because the charging information had an incorrect social security number. (Tr. Vol. II at 21.) As his conviction and sentencing orders refer to him as Tabb, we will do so as well.

Cocaine, with reference to the same transaction as that of the Dealing in Cocaine count. The jury found Tabb guilty as charged. On January 3, 2006, the trial court entered judgments of conviction on each count and sentenced Tabb to thirty years for Dealing in Cocaine and four years for Possession of Cocaine, to be served concurrently.

*Tabb v. State*, 64A03-0707-CR-308, *slip op.* at *1 (Ind. Ct. App. 2008). On appeal, Tabb, pro se, argued that the State did not present sufficient evidence to support his convictions and that his convictions of Class A felony dealing in cocaine and Class C felony possession of cocaine violated double jeopardy. We concluded the State presented sufficient evidence Tabb committed the crimes. However, because the Class C felony was a lesser included offense of the Class A felony, and because the evidence presented indicated both convictions were based on a single transaction, we vacated Tabb's conviction of and sentence for Class C felony possession of cocaine. *Id.* at *3.

[3] On November 5, 2009, Tabb filed a petition for post-conviction relief. On March 8, 2010, the post-conviction court issued a summary ruling, without having held a hearing, that denied Tabb's petition for post-conviction relief. Tabb appealed, and the State moved for remand on October 27, 2010. In its motion, the State noted Tabb had filed a motion to dismiss in the post-conviction court on October 21, 2010, and the State asked our court to transfer jurisdiction back to the post-conviction court for a decision on that motion. In the alternative, the State argued "that a remand to the post-conviction court for presentation of evidence, either by way of an evidentiary hearing or by affidavit,

and for Findings of Fact and Conclusions of Law, is required in this case." (App. Vol. II at 82.) Our court agreed, dismissed Tabb's appeal without prejudice, and remanded the petition for post-conviction relief back to the trial court for either dismissal or the presentation of evidence in accordance with the Indiana Post-Conviction Rules.

[4] On February 7, 2013, the post-conviction court granted Tabb's request to issue subpoenas for his trial counsel and two other witnesses Tabb alleged had exculpatory evidence. Tabb filed a number of motions between 2013 and 2018, including a motion for summary judgment, "Motion to Dismiss on double jeopardy grounds[,]" "Motion to Dismiss based on confrontation of witnesses," "Motion to Dismiss regarding what [Tabb] refers to as a binding over agreement[,]" and "Motion to Dismiss based on ratification[.]" (*Id*. at 119) (errors in original). On February 5, 2018, the post-conviction court held a hearing on all pending motions. During that hearing, Tabb told the court that he had not been able to subpoena his trial counsel because the subpoena "came back unserved." (Tr. Vol. II at 15.) The post-conviction court ordered Tabb to send the returned envelope of the subpoena Tabb sent to his trial counsel to the trial court so the court could "see why it was returned" and "then the Court can step in and order him to be here" if trial counsel had refused delivery of the subpoena. (*Id*. at 24.) Tabb did not present any other evidence regarding his petition at this hearing, and the post-conviction court took the matter under advisement pending receipt of the returned envelope from Tabb.

[5] On April 23, 2018, the trial court denied Tabb's petition, stating in its order:

The Court granted Petitioner time to provide the Court with documentation of Petitioner's efforts to subpoena his trial counsel, Peter Boyles, for that hearing or to serve interrogatories on trial counsel. The information Petitioner has filed is not sufficient to show that there was an attempt to subpoena Mr. Boyles at any current address and nothing has been filed to otherwise support the allegations in Petitioner's Petition for Post-Conviction Relief. Therefore, the Court denies the Petition for Post-Conviction Relief in its entirety. The Court is not issuing any specific findings of fact and conclusions of law as there was no evidence presented from which the Court could find any facts and additionally many portions of Petitioner's Petition are incomprehensible.

(App. Vol. II at 120.)

# Discussion and Decision

As an initial matter, we note that Tabb proceeded before the post-conviction court, and proceeds before this court, pro se. It is well settled that

> one who proceeds pro se is held to the same established rules of procedure that a trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action. While we prefer to decide cases on the merits, we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors. The purpose of our appellate rules, Ind[iana] Appellate Rule 46 in particular, is to aid and expedite review and to relieve the appellate court of the burden of searching the record and briefing the case. We will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood.

*Ramsey v. Review Bd. of Indiana Dept. of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003) (internal quotation marks and citations omitted).

Here, Tabb presents fifteen issues for our review, including the following:

> I. Whether trial Counsel was ineffective, by way of failure to object or motion the court to dismiss an insufficient charging affiant, affidavit and information, that constituted "Perjury' on an affidavit (predecessor to information) and not seek a hearing pursuant to Franks v. Delaware (1978).
>
> * * * * *
>
> VII. Whether trial Court erred by denying appellant's motion to compel arbitration filing of 5/6/2018, 'Order' denying 6/8/2018, Relevant to Breach of the Preliminary 'binding' agreement, an adhesion contract.
>
> * * * * *
>
> XVI. Whether trial Counsel was ineffective, by way of failure to object or motion the court to dismiss, the count 1 information because of violations relevant to **Extrinsic Fraud On The Court Duress Dismissal' Count1, Conviction under TR, 12(b) (1), and 17 (A)**, 'dismiss' for failure to State the real party in interest.

(Appellant's Br. at 5-6) (errors and emphasis in original). While Tabb cites the record and an abundance of case law, his arguments are confusing and incoherent. Unfortunately, we are unable to address most of his presented issues for this reason. *See Hollowell v. State*, 707 N.E.2d 1014, 1025 (Ind. Ct.

App. 1999) (failure to present a cogent argument waives the issues presented on appeal).

[8] Even though they are relatively muddled, we are able to address Tabb's claims regarding alleged double jeopardy violations. In Tabb's direct appeal, we held he was subject to double jeopardy when he was convicted of both Class A felony dealing in cocaine and Class C felony possession of cocaine. *Tabb*, *slip op*. at \*3. Thus, any argument he raises regarding double jeopardy[2] is precluded from our review based on *res judicata*. *See State v. Holmes*, 728 N.E.2d 164, 171

---

[2] Tabb's arguments that reference double jeopardy are:

> II. Whether the Court abuse its discretion, by allowing the State to violate petitioner's double jeopardy protection, to amended an insufficient charging affiant, affidavit and information, the morning of trial. Constituted, **MANIFEST, FUNDAMENTAL, PLAIN, and REVERSBILE ERRORS:**

> III. Whether the Court abuse its discretion, by allowing the State to violate petitioner's double jeopardy protection, in order to obscure the Original double jeopardy violation, that exit in the original court 1 information charged under I.C. 35-48-4-1-(2), prior to the additional information Charging. Where two are more offenses, are the 'same offense'.

> \* \* \* \* \*

> V. Whether trial Counsel was ineffective by way of failure to object or motion the court to dismiss the count 1 information, because of violation relevant to petitioner's double jeopardy protections, 'evoked' the morning of trial.

> VI. Whether trial Counsel was ineffective, by way of failure to object or motion the court to dismiss the court II additional information because of violation relevant to petitioner's double jeopardy protections.

> \* \* \* \* \*

> IX. Whether trial Counsel was ineffective, by way of failure to object or motion the court to dismiss the count 1 information, because of violation of Wong sun, fruit of the poisonous tree, doctrine. Whether, evidence derived from the violation or petitioner's double jeopardy protection.

(Br. of Appellant at 5-6) (errors and emphasis in original).

(Ind. 2000) (holding *res judicata* barred Holmes' claim of prosecutorial misconduct because the issue had been "thoroughly considered and decided" on direct appeal even though Holmes' arguments about prosecutorial misconduct in his post-conviction petition recharacterized some of the issues).

# Conclusion

A majority of Tabb's issues are waived because he did not make cogent arguments on appeal. His five issues regarding double jeopardy are barred by *res judicata* because the appellate court in Tabb's direct appeal decided that issue. Because Tabb has not demonstrated the court erred by denying his petition for post-conviction relief, we affirm.

Affirmed.

Robb, J., and Vaidik, J., concur.